## WEGNER BROS. V. E. J. BIERING & CO.

### (Case No. 2190)

1. PROMISSORY NOTES—PROMISE NOT TO PROSECUTE ONE CHARGED WITH CRIME—ILLEGAL CONSIDERATION—NOTE IN RENEWAL OR SUBSTITUTION OF ONE BASED ON ILLEGAL CONSIDERATION IS ITSELF INVALID—P., being indebted to B. on open account, gave him his note for $350 in settlement. About the same time B., claiming to have lost divers of his goods, the value of which he estimated at $1,000, accused P. of having stolen them. P. finally admitted the theft, and executed to B. his promissory note for $1,000, payable in twenty equal monthly installments, with W. as indorser or surety. P. was, shortly afterwards, indicted for the offense, whereupon he fled the country, leaving behind his interest in a retail grocery, worth about $1,250. Subsequently, W., to secure himself against loss, procured from B. the $350 note and the $1,000 note, upon the latter of which P. had, in the meantime, paid the first installment, by giving in exchange therefor his own note for $1,300, payable to B. four months after its date. Upon the notes thus obtained from B., W. instituted attachment proceedings against P.'s interest in the grocery, which was eventually sold under the attachment, and the entire net proceeds ($725) applied to the satisfaction of the judgment

in favor of W. upon the notes. In a suit subsequently brought by B. against W. on the $1,300 note, wherein it was pleaded by the latter, and wherein there was evidence tending to prove, that B. had threatened P. with imprisonment and criminal prosecution unless he made good B.'s loss by reason of the theft, and that the $1,000 note, which formed part of the consideration for the note sued on, had been executed by P. and indorsed by W. in consideration of B.'s agreeing to desist from and to suppress any criminal prosecution of P. because of the theft. *Held:*

(1) That if part of the consideration of the $1,000 note was a promise by B. not to prosecute P. for theft, then that note was not a legal demand against W., and, as there was evidence introduced tending to prove that fact, the trial court should have submitted the issue to the jury;

(2) That as the money contracted in the $1,000 note was never paid, but this suit was brought upon a new promise to pay the same and other moneys, the new promise is as vicious as that for which it was substituted; and if B.'s promise not to prosecute P. was nó part of the consideration for the making of the $1,000 note by P., but was only the consideration for W.'s indorsement, the principles of law applicable are not materially changed.

2. CONTRACTS—CONSIDERATION—ILLEGAL IN PART VITIATES THE WHOLE CONTRACT— Although there may be ample valid consideration to support a promise sued on, yet if, to the abundance of valid consideration, there has been added a leaven of that which is illegal, the whole contract is tainted. (Citing Story on Cont., sec. 583; Bishop on Cont., sec. 471; Pollock on Cont., 318.)

3. SAME—PROMISSORY NOTE—ILLEGAL CONSIDERATION—If a debtor in payment of an account, and in consideration that his creditor will do an unlawful act or refrain a duty imposed by law, executes his note only for the amount of the account, the note is, nevertheless, void. The good consideration has no virtue to cure the bad, but the bad corrupts the whole. (Citing Steuben Co. Bank v. Mathewson, 5 Hill 249, and Roll v. Raguet, 4 Ohio 400.)

4. SAME—ILLEGAL DEMAND—CHANGE IN THE FORM OR SECURITY DOES NOT VALIDATE— A mere change in the security or in the evidence of a demand, does not render valid that which was before invalid. If the transaction is illegal, no expression of it in innocent forms makes it innocent or meritorious. (Citing Seeligson v. Lewis, 65 Tex. 215, and Collins v. Blantern, Smith's Ldg. Cases, 676.

5. CASES REVIEWED—The cases of Bly v. Bank, 79 Penn. St. 456, and Bibb v. Hitchcock, 49 Ala. 468, reviewed.

6. CASES DISTINGUISHED—The cases of Armstrong v. Toler, 11 Wheat. 272; DeLeon v. Trevino, 49 Tex. 89; Pfeuffer v. Maltby, 54 Tex. 454, distinguished.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

This suit was brought by E. J. Biering & Co. against Wegner Bros. on a promissory note for $1,300. Wegner Bros. resisted the claim on the ground that there was no consideration that was good in law to support the contract in the note. Their defense was that the contract in the note had its origin in an unlawful undertaking on the part of Biering & Co. to make money out of Wegner Bros. and one William Pohl, by threatening a criminal prosecution, and agreeing to desist therefrom upon condition that they should be paid money by Wegner

Bros. or Pohl for suppressing the prosecution. The cause was tried before a jury, the trial resulting in a verdict and judgment against the defendants for the amount of the note and interest. Defendants appealed. On the trial, Wegner Bros. asked the court for the following charge: "If the jury believe, from the evidence, that the note sued on was given to the plaintiffs in consideration for the surrender of a $1,000 note theretofore given to plaintiffs in consideration of a promise to desist from criminal prosecution of one William Pohl, for the crime of theft, and to prevent such prosecution for theft, and this was the only consideration for the $1,000 note, then the jury are instructed that the plaintiffs have no right to recover in this suit on the note sued on, so far as the sum of $1,000 is involved, and your verdict should be in favor of defendants as to $1,000 of the note sued on."

The court refused this instruction, and, instead, charged the jury as follows: "I charge you that the suit in this case is not upon the two notes upon which Wegner Bros. were security, but is upon the $1,300 note executed by Wegner Bros.; and if you believe, from the evidence, that Pohl stole $1,000 worth of goods from Biering, and gave Biering a note for the same, with Wegner Bros. as security thereon; and that Pohl was further indebted to Biering in the further sum of $350 for balance of account, for which Pohl gave Biering a note for $350, with Wegner Bros. as security, and that Wegner Bros. took up the $1,000 note and the $350 note for the purpose of enabling themselves to sue thereon, and attached Pohl's stock of goods; and that in consideration of the surrender by Biering to Wegner Bros. of the two notes, they, Wegner Bros., executed and delivered to Biering the $1,300 note sued on in this cause, and then ran their attachments on Pohl's stock of goods, and got the money made on their attachments, although they may have realized only $725, they, Wegner Bros., would be liable to Biering for the $1,300 note, with interest thereon, at the rate of ten per cent. per annum, from August 15, 1883, and would require you to find for that gross amount of principal and interest in favor of the plaintiffs, E. J. Biering & Co., against the defendants, Wegner Bros.; for such a state of facts furnishes no defense against the $1,300 note sued on, and in evidence in this case."

The giving of this charge and the refusal of the one asked by the defendants were assigned as error.

The syllabus states the material facts of the case.

*McLemore & Campbell*, for appellants, cited: Seeligson v. Lewis & Williams, Tex. Law Rev., vol. 5, No. 152, p. 774; Armstrong v. Toler, 11 Wheat. 261; 1 Parsons on Cont., 457.

*S. S. Hanscom,* for appellees, on the questions discussed in the opinion, cited: DeLeon *v.* Trevino, 49 Tex. 89; Armstrong *v.* Toler, 11 Wheat. 261; R. S., art. 1317; Hunt *v.* Turner, 9 Tex. 389; Bly *v.* National Bank, 79 Penn. St. 453; Bibb *v.* Hitchcock, 49 Ala. 468.

ROBERTSON, ASSOCIATE JUSTICE.—The court below refused to submit to the jury any issue as to the consideration of the $1,000 note made by Pohl and indorsed by Wegner Bros. That note was, by all the proof, shown to be part of the consideration for the one in suit; the money it (the $1,000 note) promised was never paid, but was embraced in the promise sued upon, and is sought to be recovered in this suit.

That money, the plea alleges, was promised originally in consideration in part of the payees' agreement not to prosecute Pohl for theft, and, if the plea is true, the plaintiffs in this suit seek the reward of an unlawful contract. Enough testimony was introduced in support of the plea to require its submission to the jury, if it presented any defense to the suit.

The evidence showed that Wegner Bros. recovered a judgment against Pohl on the $1,000 note taken up by them, and that they realized upon that judgment, together with that upon the $350 note, taken up at the same time, the sum of $725. They thus reaped a benefit from the execution of the note in suit and its substitution for the two original notes. The proof also shows that this $350 note was a valid demand upon a lawful consideration, not only against the Wegner Bros., but against Wm. Pohl. Pohl was likewise a party to the $1,000 note, but, if the plea was true, the plaintiffs lost nothing in its surrender. Pohl is now as much bound morally as he was when the plaintiffs held the $1,000 note, and he was then, if the plea is true, as little legally bound as he is now. But, independent of this note, two new considerations entered into the execution of the note sued on—the acquisition by the Wegner Bros. of the two notes against Pohl, and the surrender by the plaintiffs of one valid note against Wegner Bros. and Pohl. These new considerations were still not the only considerations of the new note. A part of the consideration of the new note was the original consideration for the $1,000 note. The demand evidenced by that note is claimed to be illegal, and that demand has never been paid or extinguished, but is now a part of the demand evidenced by the note in suit.

It is obvious that there is ample valid consideration to support the promise sued on; yet, if, to the abundance of valid consideration, there has been added a leaven of what is illegal, the whole contract

is tainted.   Story on Cont., sec. 583; Bishop on Cont., sec. 471; Pollock on Cont., 318.

If a debtor, in payment of an account for $100, and in consideration that his creditor will refrain a duty or do an illegal act, executes his note only for the amount of the account, the note is, nevertheless, void. The good consideration has no virtue to cure the bad, but the bad corrupts the whole.   Steuben Co. Bank v. Mathewson, 5 Hill 249; Roll v. Raguet, 4 Ohio 100.

The one promise to pay a gross sum cannot be dissolved into the parts attributable to the several considerations.   The whole cannot be enforced, because the law will not compel what it prohibits, and the parts can not be separated.   Illegality thus vitiates the entire instrument.   The illegality must, however, enter the particular contract.   In determining how far-reaching is the vitiating effect, the authorities are diversified and conflicting.

In some courts the contract is held valid, if, in declaring upon and proving it, the plaintiff can escape the development of the poisonous element.   Bly v. Bank, 79 Penn. St. 456.

This would prevent the defense in every case in which the illegal demand is evidenced by a promissory note, and is manifestly not the law.   Seeligson v. Lewis, 65 Tex. 215.

In other courts a change in the security, or in the evidence of the demand, cuts off the taint.   Thus, in Bly v. Bank, 79 Penn. St. 456, the bank had made an illegal loan to Garfield, with Andrews as security.   A portion of the demand was settled, and for a balance Andrews gave his note, with Bly as security.   In a suit on this note, although it was given to secure payment of part of the illegal debt, it was held the bank was entitled to judgment.   On a like principle Bibb v. Hitchcock, 49 Ala. 474, was decided, if the question was really decided at all.

There are, doubtless, other cases which sustain this view of the law, but the weight of authority is against it.   The doctrine of this court on the point is discussed and settled in the case of Seeligson v. Lewis (supra).   There is no magic in a promissory note to purify a vicious demand.   If the transaction is illegal, no expression of it in innocent forms makes it innocent or meritorious.   Such disguises may increase the difficulty of detection, but, if exposed, they do not deceive the majority of courts into treating the transaction as if it was what it would appear to be, and not what it really is.   Collins v. Blantern, Smith's Ldg. Cases, 676.

If a note is tainted by the consideration of the demand for which it is given, there can be no good reason for drawing the line at the first

note. If the first is taken up and a new one given in its stead, to obtain an extension of time, to embrace in it additional demands, or for other purposes, the illegal consideration is as distinctly traced in the second note as in the first. The new considerations dilute but do not neutralize or extinguish the poison. If the second note is enforced, the money promised for an illegal consideration is collected by one of the guilty parties—the other guilty party is forced by the law to do what he is commanded by the law not to do.

If there is any principle in the policy of non-interference, it forbids the collection by law of money promised for an illegal consideration. That the original promise has been merged in a note, and that has been substituted by another, cannot affect the principle—the stain is not obliterated. The object is still to enforce payment of a sum earned by an illegal service.

The cases are not reconcilable. In Farmer v. Russell, 1 Bos. & Pull., cited in Armstrong v. Toler, 11 Wheat. 274, the title of the plaintiff to the money recovered was founded on the unlawful contract, but it had been paid by the debtor to a third person, who was the defendant in the suit. On the other hand, in Clay v. Ray, 17 C. B., N. S., 188, a judgment had been recovered on the prohibited demand, and, in consideration of a stay of execution, a third party guaranteed payment, and the guaranty was held void.

In this case the Wegner Bros. have been sued, not on their first or second, but on their third promise to pay the illegal demand. There is a broad distinction between contracts which are germane to the illegal transaction, which arise from but are collateral to it, and those which carry out the original scheme. Armstrong v. Toler, 11 Wheat. 272, belongs to the former class. A distinction also exists between the class last stated and those cases which have for their basis the realized proceeds of an illegal enterprise. When the contract has been executed without the aid of courts by the voluntary acts of the parties, the profit or estate realized is not contaminated. This distinction is illustrated in DeLeon v. Trevino, 49 Tex. 89, and Pfeuffer v. Maltby, 54 Tex. 454, and is discussed and stated in McBlair v. Gibbs, 17 Howard 232.

In this case the suit, on defendants' theory, is upon not a new and independent contract, but a new security for the same demand and others. A judgment would harvest for the plaintiffs the common fruits of legal and illegal transactions. Pollock on Cont., 324; Story on Cont., sec. 584.

If part of the consideration of the $1,000 note was the plaintiffs' promise not to prosecute Pohl for theft, the note was not a legal demand against the Wegner Bros. The money contracted in that note has

never been paid, but this suit is brought upon a new promise to pay the same and other moneys, and we think the new promise is as vicious as that for which it was substituted. The great preponderance of the testimony may be against the contention of the Wegner Bros. that there was any promise not to prosecute Pohl. Their theory, if true, presented a good defense to the suit, and there was sufficient evidence in support of it to justify and require that the issue be submitted to the jury. If the plaintiffs' promise not to prosecute Pohl was no part of the consideration for the making of the $1,000 note by Pohl, but only of the defendants' indorsement, the principles of law applicable are not materially changed. The Wegner Bros. were bound upon the original note, and for the sum for which they were illegally held they are now sought to be charged in this suit, if the plea is true. The fact that the defendants may, if they can convince the jury that their theory of the facts is true, derive an unconscionable advantage, intensifies the iniquity of the defense, but cannot bend the policy which forbids the interposition of courts. The purpose of the law is to discountenance and discourage improper contracts; not to enforce them is adopted as the best means to this end, and is adopted in total disregard of the effect upon the parties to the prohibited transaction.

For the error of the court in declining to submit to the jury the issue of illegality, the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 19, 1886.]