### George W. McNeese, Sr., v. N. M. Carver.

#### Decided June 17, 1905.

**1.—Evidence—Declarations Made to Agent—Terms of a Settlement.**

Where there was an issue as to the terms of an agreement of settlement in pursuance of which the check sued on by plaintiff was given, and it appeared that defendant delegated one C. to communicate with plaintiff with a view to effecting the settlement and that C. stated to plaintiff the terms upon which defendant proposed to settle, the declarations of plaintiff then made to C. in reply, though not shown to have been communicated to defendant, were admissible as declarations made to an agent, knowledge of which would be imputed to his principal.

**2.—Same—Part of Same Conversation.**

Where part of a conversation has been introduced in evidence the opposite party may put in evidence another part of the same conversation which serves to explain and make understood that which has been already admitted.

**3.—Same—Res Inter Alios—Hearsay.**

Advice which plaintiff's counsel gave him, to the effect that plaintiff could not, as part of the settlement, do anything about dismissing a criminal prosecution, was not admissible in evidence where defendant had no knowledge thereof.

**4.—Contract—Consideration Partly Illegal.**

Where any part of the consideration of a contract is illegal the whole consideration is void, since public policy will not permit a party to enforce a promise which he has obtained by an illegal act or promise, although he may have connected therewith another which is legal.

**5.—Same—Charge.**

Where in a suit against the drawer of a check the defense pleaded was that the check was given in consideration of an agreement by plaintiff to have a criminal prosecution against defendant's son dismissed, and there was evidence tending to prove that the agreement may have included, besides the dismissal of a civil suit against defendant, also the dismissal of the criminal case, it was error for the court to refuse to charge that the jury should find for defendant if the check was given either in whole or in part upon the agreement to dismiss the criminal prosecution.

Appeal from the County Court of Hill.  Tried below before Hon. L. C. Hill.

*Darden & Killough* and *A. P. McKinnon,* for appellant.—1.  The defendant in the court below had no right to endeavor to sustain his evidence by stating that his attorney had advised him that he could no

nothing about settling the criminal case.    When each party has pro-
duced evidence sufficient to establish his side of the issue, the admission
of the slightest illegal evidence will cause a reversal.    Ross v. Korn-
rumpf, 64 Texas, 395; Gulf, C. & S. F. Ry. Co. v. Rowland, 82 Texas,
166.

It is the law that if any part of the consideration for a contract is
illegal the entire consideration is vitiated and plaintiff can not recover.
The evidence and the pleading raised the issue of illegal consideration
and it should have been submitted to the jury.    Teague v. Williams, 6
Texas Civ. App., 468; Edwards Co. v. Jennings, 89 Texas, 620; Howard
v. Smith, 91 Texas, 14; Reed v. Brewer, 90 Texas, 149; Robertson v.
Marsh, 42 Texas, 149; Nowlin v. Fristo, 11 Texas Civ. App., 445.

*Wear, Morrow & Smithdeal,* for appellee.—1.    Appellant having
introduced a part of the conversation between appellee and the witness
Clark who carried a message from appellant to appellee, it was not
error to admit evidence of statements made in said conversation by
appellee.    McAuley v. Harris, 71 Texas, 639; Greenleaf Ev., secs. 201,
202, and note A.

2.    Appellant not having plead as a defense the illegality of a part
of the contract, except in connection with the fact that the illegal part
was left out of the written contract by Frisby, the defense as plead was
sufficiently submitted in the charge.

TALBOT, ASSOCIATE JUSTICE.—N. M. Carver, appellee, brought this
suit to recover of appellant an alleged indebtedness of $750.    The peti-
tion alleges in substance that on October 30, 1903, appellant was indebt-
ed to appellee in the sum of $750, and that on that day he executed and
delivered to appellee a certain order or check in writing, addressed to
the First National Bank of Hubbard City, Texas, directing said bank
to pay appellee said sum; that on said 30th day of October, 1903, ap-
pellee presented said check to the said bank at its office in the town of
Hubbard City, Texas, and demanded payment thereof in accordance
with the terms expressed in said check, and that payment thereof was
refused; that appellant after the execution and delivery of said check
directed said bank not to pay it, and that neither appellant nor said
bank has ever paid the same or any part thereof.

Appellant pleaded a general denial and specially under oath that the
check sued on was not executed by him for a consideration good, valuable
and sufficient in law.    That said check was given in consideration of
the promise of appellee to have dismissed from the docket of the Dis-
trict Court of Hill County, Texas, a civil suit for damages, instituted
by appellee against appellant's son, George McNeese, and also a criminal
judicial proceeding pending in said court wherein appellant's said son
was charged with an assault with intent to murder.    Appellee by sup-
plemental petition pleaded substantially, that on or about the 10th day
of August, 1903, appellant's son, G. W. McNeese, Jr., committed an as-
sault and battery on him, wholly unjustifiable, from which appellee
suffered great physical and mental pain and on account of which his
health was greatly impaired; that afterwards appellee filed suit against
appellant's said son, seeking to recover damages for the injury inflicted

by said assault and battery. That while said civil suit was pending, on the 30th day of October, 1903, appellant entered into a written contract with appellee in which it was agreed that appellant would pay to appellee the sum of $750 in full settlement and satisfaction of all damages which had resulted to appellee by reason of said assault and battery, and that the suit therefor would be dismissed at appellee's cost; that the check sued on was given solely in consideration of the settlement and dismissal of said civil suit, and that no part of the consideration thereof was a promise to have the criminal prosecution against appellant's son dismissed or interfered with in any particular by appellee. In reply to appellee's supplemental petition appellant denied the execution and acceptance on his part of the written contract pleaded by appellee. He alleged that at the time he signed said contract he did not know the contents thereof; that it was written by the agent and attorney of appellee, who knew that it did not embody the real agreement upon which appellant had agreed to pay appellee the $750; that the real agreement and consideration upon which he agreed to pay the said $750 was that the criminal prosecution pending against his son, G. W. McNeese, Jr., wherein he was charged with committing an assault with intent to murder appellee should be dismissed. That appellee's said attorney had represented to him, appellant, that he was county attorney and that he would have said cause dismissed; that he did not read the written agreement and executed and delivered the check in question upon the belief that it contained the provision that the criminal prosecution against his son should be dismissed; that he discovered that such provision was not in the contract immediately after its delivery and demanded the return of the check, which being refused, he notified the bank not to pay it, and informed appellee that he repudiated the transaction and would not pay the said $750. He further alleged that the writing of the instrument pleaded by appellee, in the manner and under the circumstances in which it was done, was either a mistake or done fraudulently.

The case was tried before a jury and resulted in a verdict and judgment for appellee for the amount sued for, from which appellant prosecutes this appeal.

Appellant's first assignment of error complains of the action of the court in permitting the witness, C. A. Clark, to testify over his objection, that "Carver said that he could not go into any writing about the criminal case. He said he would not prosecute. He said that he could not dismiss it, and that his agreement was that he would not prosecute it. Said he would not employ any lawyers and would not have any witnesses summoned and do only what he was forced to do. Said he would not swear a lie and would not leave." We think the court did not commit reversible error in the admission of this testimony. The evidence tends to show that appellant had delegated the witness Clark to communicate with appellee with a view of affecting a settlement of the civil suit and dismissal of the criminal prosecution against his son, G. W. McNeese, Jr., or some arrangement with reference to the prosecution of the criminal case by appellee that would lessen the probabilities of his son's conviction; that in furtherance of this purpose on the part of appellant the witness, at appellant's request, and as his representative,

saw appellee and told him that appellant said "that if he (appellee) would give to him (appellant) a written showing or guarantee that he would not prosecute the criminal case, he would pay him a consideration; that he was willing to pay him if he would withdraw the prosecution and give him a showing some way that he would not prosecute the case against his son." It was in reply to this proposition and in the same conversation that appellee made the statement testified to by the witness Clark, and to which the objection was urged. We think under these circumstances, although it does not appear that appellee's reply was communicated to appellant, it must be held that the witness Clark was such an agent or representative of appellant in the negotiations for a settlement of the cases referred to that the statement should be treated as if made to appellant himself, or Clark's knowledge of it imputed to him. Besides, the matter objected to was a part of the same conversation introduced by appellant relating to the disposition he desired made of the civil and criminal cases against his son and served to explain and make understood that which had already been admitted. McAuley v. Harris, 71 Texas, 632; Aetna Ins. Co. v. Eastman, 80 S. W. Rep., 256.

On the trial the court permitted the appellee, Carver, to testify over objections of appellant, that Mr. Lee Frisby advised him that he (Carver) could not do anything about settling the criminal case against G. W. McNeese, Jr. It seems that Mr. Frisby was the legal adviser of appellee, and that the statement objected to was not made in the presence of appellant; nor does it appear that appellant had any knowledge of it at the time of or prior to the execution of the check sued on.

The admissibility of this testimony is not apparent from any standpoint, and it should have been excluded.

The refusal of the court to give the following special charge asked by appellant is assigned as error: "Now comes the defendant and requests the court to charge the jury that if they believe from the evidence that the check for $750, introduced in evidence, was executed in whole or in part upon the agreement of the plaintiff or his attorney, Lee Frisby, to dismiss a prosecution in a certain case wherein G. W. McNeese, Jr., was charged with an assault with intent to murder N. M. Carver, said cause pending in the District Court of Hill County, Texas, or if you believe from the evidence that plaintiff was to refrain from the prosecution of said cause in consideration for the execution of said check, then, even though it may have been agreed also to dismiss a civil cause pending in the District Court of Hill County by plaintiff against G. W. McNeese, Jr., you will find for defendant." The charge quoted suggested a phase of the case that in our opinion should have been submitted to the jury; but in view of the pleadings, was not strictly correct, perhaps, in the use of the language "or if you believe from the evidence that plaintiff was to refrain from the prosecution of said cause," etc. As shown by our statement of the pleadings, it is not alleged that appellee agreed "to refrain from the prosecution of the criminal case pending against appellant's son," but the specific allegation is that the real consideration upon which appellant agreed to pay the $750 for which the check sued on was given, was appellee's promise, or the promise of his agent, to have said criminal case as well also as

the civil suit, dismissed. The court, however, failed to submit in his main charge, for the consideration of the jury, the feature of the case presented by the requested instruction, and having so failed, said special charge, even if we concede that it was defective in the particular mentioned, was nevertheless sufficient to suggest the omission to the court and require the preparation and giving of a correct charge upon the issue. Appellant's right to a verdict in his favor did not depend solely upon a finding by the jury that the consideration of the check or a part thereof, was an agreement to dismiss the criminal prosecution against appellant's son and that such agreement had been omitted from the written contract signed by the parties, which it is claimed recites the only consideration for said check, by mistake, as expressed in the court's main charge. The question is, was the consideration of the check sued on, or a part of its consideration, an agreement or promise on the part of appellee or his authorized agent to dismiss or procure the dismissal of the criminal charge against appellant's son? If so, then without regard to the terms of said written instrument or whether such promise or agreement was omitted from it by design with a view of disguising the real transaction or by mistake, the said check was an illegal demand, and no recovery by appellee could be had upon it. It is said that "if any part of a consideration is illegal, the whole consideration is void, because public policy will not permit a party to enforce a promise which he has obtained by an illegal act or an illegal promise, although he may have connected with this act or promise another which is legal." (1 Parsons on Contracts, 457; Seeligson v. Lewis & Williams, 65 Texas, 216; Wegner Bros. v. Biering & Co., 65 Texas, 506.) That the instrument signed by the parties is material evidence to be considered by the jury in connection with all the other testimony in the case in determining the real consideration of the $750 check sued on, is not questioned.

No material error is pointed out by the other assignments, and they need not be discussed.

For the reasons indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*