**HALL v. EDWARDS. (No. 133–3028.)**

(Commission of Appeals of Texas, Section A. May 26, 1920.)

**1. Vendor and purchaser ⟨⟩39—Conveyance of land for immoral purposes held illegal.**

Where grantee immediately conveyed the premises to a third person by whom the house was to be used for purposes of prostitution, and where grantee, by agreement of the parties, was a mere conduit through whom the title was to pass from grantors, who had built house to be used for such purposes, to third person, to circumvent any adverse action arising out of the immoral contract, the transaction, including grantee's execution of deed in trust to secure payment of purchase money, was in contravention of public morals, and therefore an illegal contract.

**2. Contracts ⟨⟩138(1)—Illegal transaction does not preclude recovery unless part of cause of action.**

The plaintiff cannot recover when it is necessary for him to prove, as a part of his cause of action, his own illegal contract, or other illegal transaction, but if he can show a complete cause of action without being obliged to prove his own illegal act, although such illegal act incidentally appears and may be important even as explanatory of other facts in the case, he may recover.

**3. Contracts ⟨⟩138(2)—Immoral contracts, when executed by parties, may confer rights upon the parties.**

Contracts which are illegal because of their immoral character are void in the sense that they are incapable of enforcement in courts of justice and will not support a remedy and in that no legal obligation is incurred by either party, but are not void in the sense that they can confer no rights, since they can be executed by the voluntary acts of the parties or through some means or agency other than courts, agreed upon by the parties, and, when so executed, they may confer actual and irrevocable rights upon the parties.

**4. Contracts ⟨⟩138(2)—Where immoral contract fully executed, courts will enforce rights resulting therefrom.**

When an illegal contract entered into for immoral purposes has been fully executed, and suit is not brought for the purpose of its enforcement, the courts will recognize and enforce any new contract right or title resulting from its execution.

**5. Trespass to try title ⟨⟩6(1)—Plaintiff must establish his title.**

In an action in trespass to try title, plaintiff, to recover, must establish his title.

**6. Appeal and error ⟨⟩909(2)—Court denying foreclosure purchaser relief because of illegality of mortgage is presumed to have found that purchaser bought for mortgagee.**

In mortgage sale purchaser's action in trespass to try title against mortgagor, where court denied purchaser relief on ground that mortgage was a part of an immoral transaction, it will be presumed in support of the judgment that purchaser bought the property for mortgagee.

**7. Contracts ⟨⟩138(3)—Vendor cannot foreclose lien or recover title where land was sold to be used for immoral purposes.**

Where property was sold to be used for purposes of prostitution, vendors, having secured payment of purchase-money notes by a vendor's lien and by deed in trust, were precluded, because of illegality of the transaction, from foreclosing the liens upon or recovering title to the land through the courts.

**8. Trespass to try title ⟨⟩6(1)—Trustee's sale executes immoral mortgage contract so as to entitle purchaser to relief.**

Refusal of defendant, who had purchased property for immoral purposes, to yield possession to plaintiff, who had purchased at trustee's sale under deed in trust executed as a part of the immoral transaction, did not render the illegal deed of trust an unexecuted contract so as to preclude court from giving plaintiff relief in action in trespass to try title, the contract having been executed by the trustee's sale giving plaintiff a complete title, with the right of possession as an incident thereto, without reference to the original illegal contract.

**9. Property ⟨⟩7—Right of possession an incident of title.**

Actual entry upon land is not necessary to give seisin or investiture or to give a more perfect title; the right of possession being an incident to and growing out of the title.

**10. Fraudulent conveyances ⟨⟩174(1)—Grantee may recover possession though conveyance fraudulent.**

Where a conveyance has been made in fraud of creditors, and possession remains with grantor, the grantee may recover possession.

**11. Deeds ⟨⟩17(1)—Reconveyance by grantee in deed executed for immoral purpose on cancellation of purchase-money notes is valid.**

If land is conveyed to be used for immoral purposes, and notes are executed for purchase money, a conveyance of the land by grantee to a third party or a reconveyance to grantors in consideration of cancellation of notes would be valid and binding, and would divest grantee of all title and right to possession; the moral obligation to pay the notes or reconvey being a sufficient consideration.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by W. M. Hall against Lula Edwards. Judgment for defendant was reformed and affirmed by Court of Civil Appeals (194 S. W. 674), and plaintiff brings error. Reversed, and judgment rendered for plaintiff.

Nelson & Hunter, of Wichita Falls, for plaintiff in error.

T. R. Boone, of Wichita Falls, for defendant in error.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SONFIELD, P. J. Action in trespass to try title by W. M. Hall, plaintiff in error, against Lula Edwards, defendant in error.

By deed dated August 20, 1913, P. H. Pennington and Charles Hill deeded to Everett Hughes a lot in Wichita Falls upon which was situate a seven-room house. The recited consideration was $150 cash, 56 notes for $60 each, payable monthly, and one note for $37, secured by vendor's lien, retained in the deed and by a deed in trust dated August 21, 1913. On August 21, 1913, Hughes conveyed the property to Lula Edwards, in consideration of $150 cash and the assumption of payment of the notes above described. The first 13 of the notes were paid, and, default having been made in the payment of the notes subsequently maturing, the trustee sold the property under the trust deed. Plaintiff in error, Hall, was the purchaser under the trustee's sale, and the trustee delivered to him a proper deed of conveyance to the property.

The cause was submitted to a jury upon special issues. In response to such issues, the jury found that Pennington and Hill sold the property to be used for immoral purposes; that it was used for immoral purposes; that at the time plaintiff in error purchased the property under the trustee's sale he knew that the property had been sold by Pennington and Hill for immoral purposes, and was then being used for such purposes.

The Court of Civil Appeals finds further that Pennington and Hill built the house to be used for prostitution and for sale to those engaged in that business; the terms of sale being so arranged that payments might be made out of the profits of the business conducted on the premises. The evidence establishes that the property was deeded to Hughes with the understanding that it be conveyed by him to defendant in error; the object being to circumvent any adverse action arising out of the immoral and illegal contract. There is evidence that in purchasing the property at the trustee's sale plaintiff in error acted for and in behalf of Pennington and Hill, and that the purchase by him was for the use of Pennington and Hill.

The trial court rendered judgment that plaintiff take nothing by his suit, and further decreed that the cloud upon defendant's title, by reason of plaintiff's claim, be removed. The Court of Civil Appeals reformed the judgment of the district court by omitting therefrom the affirmative relief granted defendant in error, and as reformed affirmed the judgment. 194 S. W. 674. Writ of error was granted upon application referred to the Committee of Judges.

[1] As held by the Court of Civil Appeals, the transaction involving the conveyance of the property by Pennington and Hill to Hughes, the execution of the deed in trust by Hughes, and his conveyance to defendant in error, was in contravention of public morals, and therefore an illegal contract. It is apparent that Hughes was a mere conduit through whom, by agreement of the parties, the title was to pass to defendant in error.

The authorities are agreed that a court will not lend its aid, in any manner, toward carrying out the terms of an illegal contract, and, when a plaintiff cannot establish his cause of action without relying upon such contract, he cannot recover. Read v. Smith, 60 Tex. 379; Beer v. Landman, 88 Tex. 450, 31 S. W. 805; Wiggins v. Bisso, 92 Tex. 219, 47 S. W. 637, 71 Am. St. Rep. 837.

[2] As stated in Frost v. Plumb, 40 Conn. 111, 16 Am. Rep. 18, quoted in Beer v. Landman, supra:

"We understand the rule to be this: The plaintiff cannot recover whenever it is necessary for him to prove, as a part of his cause of action, his own illegal contract, or other illegal transaction; but if he can show a complete cause of action without being obliged to prove his own illegal act, although such illegal act may incidentally appear, and may be important even as explanatory of other facts in the case, he may recover. It is sufficient if his cause of action is not essentially founded upon something which is illegal. If it is, whatever may be the form of the action, he cannot recover."

[3] Illegal contracts of this character are said to be void. The use of the term "void" in this connection tends to confusion. Such contracts are void in the sense that they are incapable of enforcement in courts of justice, and will not support a remedy. No legal obligation is incurred by either party. But such contracts are not void in the sense that they can confer no rights. They can be executed by the voluntary acts of the parties, or through some means or agency, other than the courts, agreed upon between the parties; and if, and when, so executed, they may confer actual and irrevocable rights upon the parties. 2 Elliott, Con. § 1061; McBlair v. Gibbes, 17 How. 232, 15 L. Ed. 132.

From the fact alone that a contract is unenforceable in the courts, it does not follow that an enforceable right or estate cannot result therefrom. This is illustrated in the case of a creditor who, prior to the adoption of the present Constitution, had acquired a properly executed deed in trust upon the homestead of the debtor. The Constitution prohibited a forced sale of the homestead. This was the only method by which the courts could subject such property to the payment of the debt, and the lien was, therefore, unenforceable through the courts. Yet a sale made by the trustee under the deed in trust was valid and binding. Again, where a debt secured by a deed in trust was barred by limitation, the lien could not be

foreclosed by the courts; but, until recent legislation, a sale under the deed in trust conveyed good title to the property. Goldfrank v. Young, 64 Tex. 432.

[4] When an illegal contract, of the character here in question, has been fully executed, and suit is not brought for the purpose of its enforcement, the courts will recognize and enforce any new contract, right, or title resulting from its execution by the parties themselves. Wagner v. Biering, 65 Tex. 506; Floyd v. Patterson, 72 Tex. 202, 10 S. W. 526, 13 Am. St. Rep. 787; De Leon v. Trevino, 49 Tex. 88, 30 Am. Rep. 101; Brooks v. Martin, 2 Wall. 70, 17 L. Ed. 732. And, to use the language of the court in Wegner v. Biering, supra:

"When the contract has been executed without the aid of courts by the voluntary acts of the parties, the profit or estate * * * is not contaminated."

[5, 6] This action is in trespass to try title. In order to a recovery, it was essential that plaintiff establish his title. He purchased under the trustee's sale with full knowledge of the illegality of the contract. It may, be that there was evidence sufficient to raise the issue that he purchased for Pennington and Hill. This issue was not submitted, nor its submission requested; and, to sustain the judgment of the trial court, the presumption obtains that the court so found. In the further consideration of the case we will regard plaintiff in error as occupying the same position that Pennington and Hill would occupy, according him no different or higher rights.

[7] The deed from Pennington and Hill to Hughes reserved a vendor's lien to secure payment of the purchase-money notes; and thereby the superior title remained in them. To further secure payment of the notes, Hughes executed the deed in trust. Defendant in error took the property subject to these liens. The transaction being illegal, Pennington and Hill were precluded from foreclosing the liens upon or recovering title to the land through the courts.

[8] But the illegality of the transaction did not prevent the exercise of the power of sale conferred upon the trustee, by agreement of the parties, through the deed in trust. At this sale plaintiff in error became the purchaser, and acquired the title remaining in Pennington and Hill through the retention of the vendor's lien and that of defendant in error acquired by her deed from Hughes. The sale put an end to the illegal contract. It was fully executed by the parties themselves, acting through the trustee, who, in the execution of the trust, was the agent of all the parties thereto. Plaintiff in error's title, though arising out of the illegal contract, was not dependent upon it; that is, no action of the court was necessary to enforce the contract, or any of its terms, in order to make the title perfect or complete.

A title or estate so resulting from, and arising out of, the illegal contract, fully executed, will be recognized by the courts; the recognition involving no reference to, or action upon, the contract itself.

Plaintiff in error not seeking the enforcement of the contract, and not invoking it to sustain a remedy, its illegality is no defense. To permit this defense, under the facts herein, would be to create a right or title in defendant in error dependent entirely upon such contract. It would, in effect, be to enforce the contract on her behalf, enabling her to reap a benefit thereunder. The same principles which govern courts in declining to enforce an illegal contract in aid of a plaintiff's title inhibit its use to create a title in a defendant. Wooden v. Shotwell, 24 N. J. Law, 789.

From the fact that defendant in error did not yield possession, the Court of Civil Appeals concluded that the contract was not fully executed, and that plaintiff in error, in seeking recovery of possession, invokes the aid of the court in carrying into final effect the illegal contract. We think this conclusion erroneous.

[9] Where parties to such an illegal contract, in dependence thereon, seek the aid of the court to create in them the right of possession, the court will refuse its aid. But where such parties establish an existent right of possession, needing the aid of the court, not for its creation but only for its enforcement, such aid will not be denied them. The right of possession is an incident to, and grows out of, the title. The title vested in plaintiff in error through the trustee's deed. It was as perfect, upon the due execution and delivery of the deed, as though he had been placed in actual, pedal possession of the land. Actual entry upon land is not necessary to give seisin or investiture, or to give a more perfect title. The title draws to it the legal seisin and possession. Horton v. Crawford, 10 Tex. 382; Titus v. Johnson, 50 Tex. 224. Exhibiting a perfect title, plaintiff in error established an existing right of possession in no manner dependent upon the action of the court, and sought only an enforcement of this right.

[10] Where a conveyance has been in fraud of creditors and possession remains with the grantor, the grantee may recover possession. Hoeser v. Kraeka, 29 Tex. 450; Lemp Brewing Co. v. La Rose, 20 Tex. Civ. App. 575, 50 S. W. 460.

This holding is predicated upon the fact that the conveyance, though void as to creditors, was valid and binding as between the parties and those claiming under them. The title having vested, the right of possession

followed. Herein the deed in trust was void only in the sense that it could not be enforced through the courts. It could be, and was, executed in the manner agreed upon between the parties, without the aid of the court; and thereby the title passed, and with it the right of possession.

[11] It cannot be doubted that, had Pennington and Hill conveyed the land to defendant in error, she executing notes for the purchase price, a conveyance of the land by her to plaintiff in error, or a reconveyance by her to Pennington and Hill, in consideration of the cancellation of the notes, would have been, in all things, valid and binding. In such case, had she remained in possession of the property, there would be nothing to preclude her grantee from recovering possession. The execution of the deed would be clearly within the right of defendant in error, and through its execution she would be divested of all title and the resultant right of possession. Conceding to her the right to attack the validity of the deed on the ground that it was founded upon an illegal consideration, as in the case of Medearis v. Granberry, 38 Tex. Civ. App. 187, 84 S. W. 1070, cited and discussed by the Court of Civil Appeals, such defense would be groundless. Despite the illegality of the transaction, there was a moral obligation resting upon defendant in error to pay the purchase-money notes or reconvey the land. While courts will not enforce the moral obligation, they will recognize it as a valuable and sufficient consideration to support the deed. Bicocchi v. Casey-Swasey Co., 91 Tex. 259, 42 S. W. 963, 66 Am. St. Rep. 875; McBlair v. Gibbes, supra.

The deed under the trustee's sale had precisely the same legal effect as a deed executed by defendant in error would have had. As said by the Court of Civil Appeals:

"The trustee's deed executed under the authority of the deed of trust is in legal effect a conveyance by Lula Edwards herself."

There is no attack upon the regularity of the sale by the trustee, or the deed executed by him to plaintiff in error. Though the execution of the deed in trust was illegal, the sale thereunder had in it no element of illegality. It was not in contravention of public morals, nor contrary to any public policy, and the title vesting in plaintiff in error was complete without reference to the original illegal contract.

We are of opinion that the judgments of the district court and the Court of Civil Appeals should be reversed, and judgment here rendered for plaintiff in error.

PHILLIPS, C. J. We approve the judgment recommended in this case.