## SCOGGINS et al. v. FURST & THOMAS.
### (No. 3517.)

Court of Civil Appeals of Texas. Texarkana. June 15, 1928.

Rehearing Denied July 19, 1928.

Jones & Jones, of Mineola, for appellants.
H. L. Wilkinson, of Quitman, and R. D. Allen, of Sulphur Springs, for appellees.

WILLSON, C. J. (after stating the facts as above). That the contract between appellees and appellant Scoggins covering the sale and purchase of the merchandise was in violation of the statute (articles 7796 to 7809, Vernon's Statutes 1914) against trusts, monopolies, and conspiracies in restraint of trade, and therefore void, (article 7807, Vernon's Statutes; W. T. Raleigh Co. v. Land [Tex. Civ. App.] 261 S. W. 186; W. T. Raleigh Co. v. Land [Tex. Com. App.] 279 S. W. 810), is not questioned here. The contention that appellees nevertheless were entitled to recover as determined by the judgment is on the theory that the note sued upon was free of the vice in the sales contract. In support of that view it is insisted it appeared the note was voluntarily executed in a settlement had between the parties to the contract after the termination thereof, and that it (the note) therefore was an independent obligation, separate and distinct from the sales contract, and enforceable in the courts without reference to it. It is argued that, notwithstanding an obligation may grow out of and be connected with an illegal contract (as, according to findings of the trial court, the one sued upon clearly was), a plaintiff suing on such obligation is entitled to recover thereon if he makes out his case without the aid of the illegal contract. It is argued, further, that appellees did that in the instant case when they offered and the trial court admitted the note sued upon as evidence.

It is true, we think, that the admission of the note as evidence made a prima facie case in appellees' favor. But, as against appellees, appellants were entitled to

rebut the case so made (article 574, R. S. 1925; Wadsworth v. Dunnam, 117 Ala. 661, 23 So. 699; Wegner v. Biering, 65 Tex. 506; Hibbler v. Howe [Tex. Civ. App.] 295 S. W. 299; Shelton v. Marshall, 16 Tex. 344; Reed v. Brewer [Tex. Civ. App.] 36 S. W. 99; Id., 90 Tex. 144, 37 S. W. 418; City Nat. Bank v. De Baum, 166 Ark. 18, 265 S. W. 648; Columbia Carriage Co. v. Hatch, 19 Tex. Civ. App. 120, 47 S. W. 288; Lanham v. Meadows, 72 W. Va. 610, 78 S. E. 750, 47 L. R. A. [N. S.] 592; Hall v. Coppell, 7 Wall. 542, 19 L. Ed. 244; Armstrong v. Toler, 11 Wheat. 264, 6 L. Ed. 468), and did so by proving that the note was wholly without any consideration other than that arising out of the illegal contract. A consideration so arising is not one the law recognizes as sufficient to support a promissory note, or any other kind of obligation (Seeligson v. Lewis, 65 Tex. 216, 57 Am. Rep. 593; 8 C. J. 241).

■ Appellees cite several cases which they say support the judgment in their favor; but none of them (unless Brewing Co. v. Coonrod [Tex. Civ. App.] 230 S. W. 1099, should be excepted) do, we think. Hall v. Edwards (Tex. Com. App.) 222 S. W. 167, one of the cases cited, was an action of trespass to try title. The plaintiff was the purchaser at a sale of the land by virtue of a trust deed made to secure indebtedness the defendant had assumed arising out of an illegal contract. As the court deciding the case viewed it, the trustee's deed passed the title to the land to the plaintiff, and it was the defendant who was in the attitude of invoking the illegal contract to, in effect, recover back the title. It was held that "the same principles which govern courts in declining to enforce an illegal contract in aid of a plaintiff's title inhibit its use to create a title in a defendant." Stone v. Robinson (Tex. Com. App.) 234 S. W. 1094, another one of the cases cited by appellees, also was an action of trespass to try title, and on its facts seems to have been like Hall v. Edwards, supra, which the court followed in deciding it. Wegner v. Biering, 65 Tex. 506, still another one of the cases cited by appellees, not only does not support their contention, but, as we understand it, is strong authority for holding the judgment they obtained to have been unauthorized. It was suggested, in the reference made above to Brewing Co. v. Coonrod (Tex. Civ. App.) 230 S. W. 1099, which was a suit on a check, that perhaps it should be construed as authority supporting appellees' contention. While there are statements in the opinion of the court which, when considered alone, might warrant that view, it appeared the check was given in performance by one of the parties of an agreement which the other party had performed by delivering valuable property he held as collateral security for a debt. That such was the case as the court

viewed it is indicated by the fact that it was decided, as Stone v. Robinson, supra, was, mainly on the authority of Hall v. Edwards.

We think the judgment should have been in appellants' favor. It will be reversed, and judgment will be rendered here denying appellees a recovery on the note, and in appellants' favor for costs.