SCHOFIELD et al. v. TEXAS BANK & TRUST CO.  (No. 5450.)

(Court of Civil Appeals of Texas. San Antonio. March 24, 1915. Rehearing Denied April 21, 1915.)

1. BILLS AND NOTES ⬤⟲92—CHECK—CONSIDERATION.

Where plaintiff agreed to give and did give her check to defendant bank in satisfaction of its claim against a third person who had presented a forged check purporting to be signed by plaintiff and the bank accepted it in satisfaction, its release of such third person from any claim was a good consideration for the check.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–205, 208–212; Dec. Dig. ⬤⟲92.]

2. CONTRACTS ⬤⟲138 — EXECUTED ILLEGAL CONTRACT—RECOVERY OF CONSIDERATION.

Such contract as between plaintiff and the bank was executed; and, if plaintiff parted with her check in carrying out an illegal agreement to compound the felony, the law would not assist her to recover the amount from the bank.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 681–700; Dec. Dig. ⬤⟲138.]

3. TRIAL ⬤⟲388—FINDINGS OF FACT—STATUTE.

Rev. St. 1911, arts. 1989, 2075, requiring the judge on request to file findings of fact and conclusions of law within 10 days after adjournment, applies only to trials before the court and not to jury trials.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 908–911, 915; Dec. Dig. ⬤⟲388.]

4. APPEAL AND ERROR ⬤⟲1071 — HARMLESS ERROR.

In a trial by the court, its failure to file the conclusions of fact and law is not reversible error, where no other judgment could have been properly rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. ⬤⟲1071.]

Appeal from Jefferson County Court; R. W. Wilson, Judge.

Action by Mrs. Stella Schofield and another against the Texas Bank & Trust Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

V. A. Collins, of Beaumont, for appellants. Crook, Lord, Lawhon & Ney, of Beaumont, for appellee.

MOURSUND, J. Mrs. Stella Schofield sued the Texas Bank & Trust Company for $150 and recovered a judgment in the justice's court. An appeal was taken, and before the trial in the county court she married J. W. Hedges, who by agreement was made a party plaintiff. Plaintiffs alleged that Mrs. Schofield was a depositor of said Texas Bank & Trust Company on December 29, 1911; that on said date one Homer Priddy presented to such bank a check for $150, purporting to have been signed by Mrs. Schofield, which was paid by the bank, although it was not signed by her nor by her authority; that thereafter she informed defendant of the wrongful payment of the check, and requested defendant to pay her the amount thereof, which it refused to do. Defendant, by its answer, put in issue the allegations to the effect that Mrs. Schofield did not sign the check and did not authorize the signing thereof, and then pleaded that she ratified the act of the person who signed the check; also that she and Priddy came to the bank, and it was then agreed that she would pay the bank the amount of said check, which she did by executing and delivering a check to defendant for such amount, and that Priddy agreed to repay her such amount, and the bank agreed to and did release Priddy from his obligation to pay the bank said amount. Judgment was rendered for defendant upon an instructed verdict.

It will be noted that appellants filed no reply to appellee's answer, wherein the agreement is pleaded of which the check executed and delivered by Mrs. Schofield constituted a part. They did not plead failure of consideration, duress, or that the contract was illegal on the ground that a part of the consideration was an express or implied promise

to compound a felony. Nevertheless, we have examined the testimony, and find no merit in the contentions made.

[1] The evidence conclusively shows that Mrs. Schofield agreed to give and did give her check in satisfaction of the claim of the bank against Priddy, and that Priddy agreed to repay her the money within two or three days. The bank accepted her check in satisfaction of its claim against Priddy, thereby releasing him from such claim. Such release was a good consideration for the check, because it was a release of a valid claim against him for the amount he obtained by means of the forged check. See note to Bankhead v. Shed, 16 L. R. A. (N. S.) 971.

[2] The evidence fails to show any agreement, express or implied, on the part of the bank to compound a felony. If the evidence could be held sufficient to show an implied agreement, Mrs. Schofield was a party thereto, and voluntarily entered into it, for the benefit of a man to whom she was not bound by ties of relationship, and whose conviction of the felony she secured upon his failure to repay her the money in two days as he had agreed to do. When she delivered the check to the bank, drawn upon it, she was in the same position as if she had drawn out that amount and paid. it in cash. The bank released Priddy, and he became bound to pay her. As between her and the bank, the contract was an executed one, and the law would not assist her to recover money parted with by' her in carrying out the illegal contract. Pomeroy's Equity Jurisprudence, § 402; Medearis v. Granberry, 38 Tex. Civ. App. 187, 84 S. W. 1070; Booker v. Wingo, 29 S. C. 116, 7 S. E. 50.

[3, 4] Appellants assign as error the refusal of the trial judge to file conclusions of fact and law, pursuant to request duly made. Articles 1989 and 2075 relate to trials before the court, and not to jury trials. Jones v. Edwards, 152 S. W. 727; Peoples v. Terry, 43 S. W. 846. But if this had been a trial before the court, his failure to file conclusions of fact and law would not have constituted reversible error, because it is apparent that no other judgment than the one rendered could have properly been rendered. Broderick v. Waco Brick Co., 150 S. W. 600; T. & N. O. Ry. Co. v. Dairy Co., 137 S. W. 137; Emery v. Barfield, 156 S. W. 311.

The judgment is affirmed.