HANES v. HANES. (No. 8250.)

(Court of Civil Appeals of Texas. Dallas. July 5, 1919. Rehearing Denied Nov. 22, 1919.)

1. DEEDS ☞73—IN CONSIDERATION OF AGREEMENT TO DISMISS CRIMINAL PROCEEDINGS VOID.

A conveyance of realty by defendant to plaintiff in consideration of dismissal of criminal proceedings based upon the seduction of plaintiff by defendant's son, and of the marriage of defendant's son and plaintiff, is void, and will not form the basis of a suit in trespass to try title.

2. DEEDS ☞17(3) — MARRIAGE· SUFFICIENT CONSIDERATION.

A conveyance of land may be supported upon marriage contracted by the grantee and the grantor's son.

3. CONTRACTS ☞137(1)—EFFECT OF ILLEGALITY OF ONE OF SEVERAL CONSIDERATIONS.

A promise made upon several considerations, one of which is unlawful, no matter whether the illegality be at common law or by statute, is void.

4. DEEDS ☞73—ILLEGALITY OF ·CONSIDERATION RENDERS INDIVISIBLE CONTRACTS VOID.

Where a grantor conveyed real property to grantee in consideration of the dismissal of criminal proceedings for seduction of grantee by grantor's son, and, of the marriage of the son to grantee, the contract was not divisible, and the conveyance was vitiated by the illegal consideration relative to dismissal of the criminal proceeding.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5. SPECIFIC PERFORMANCE ⊕⊐55 — CONVEY-
ANCE BASED UPON ILLEGAL CONSIDERATION
AS EXECUTORY CONTRACT.

Where land is conveyed upon several consid-
erations one of which is illegal, as requiring dis-
missal of criminal proceedings against grantor's
son, but the grantee is not put in possession, and
the contract remains executory, a suit for spe-
cific performance will not lie.

Appeal from District Court, Kaufman coun-
ty; Joel R. Bond, Judge.

Trespass to try title by Mabel Hanes against
C. W. Hanes. Judgment for plaintiff, and
defendant appeals. Reversed and rendered.

Huffmaster & Huffmaster, of Kaufman,
for appellant.

Woods & Morrow, of Kaufman, for appellee.

RASBURY, J. Appellee sued appellant in
statutory trespass to try title to recover 50
acres of land in Kaufman county, alleging
in addition to the statutory requirements that
while she was a married woman her husband
refused to join in the suit, and that the land
sued for was her separate property. Appel-
lant answered by plea of not guilty, and,
among other matters, that the deed was void
because against public policy, in that the con-
sideration for the deed was the agreement of
appellees to supress the prosecution of appel-
lant's son, Bryan Hanes, for seducing appel-
lee, Mabel Smith. There was trial by jury, to
whom the issues of fact were referred for
special verdict in form of the usual interrog-
atories, upon the answers to which judgment
was entered for appellee. From that judg-
ment this appeal is taken.

The facts necessary to be stated are these:
Bryan Hanes, son of C. W. Hanes and M. P.
Hanes, had been tried and convicted in Dallas
county on a charge of seducing Mabel Smith.
Pending appeal, the appellant, C. W. Hanes,
and his wife M. P. Hanes, conveyed to Mabel
Smith 50 acres of land of a 600-acre tract in
Kaufman county, reciting the consideration to
be "one dollar and other valuable consider-
ation," but did not place her in possession
thereof. On the day the deed was executed,
Mabel Smith and Bryan Hanes were married;
the judge of the court where he had been tried
and convicted performing the ceremony, and
the county attorney who prosecuted him being
present. After the marriage, a new trial was
granted, and the conviction was set aside, and
Bryan Hanes ultimately released, though
what was done with the charge does not ap-
pear. Thereafter C. W. Hanes, appellant, and
his wife, accompanied by their son, Bryan
Hanes, and his wife, went to the home of the
former in Kaufman county. Three calendar
months after the marriage, Mabel Hanes re-
turned to her parents.

The facts preceding and inducing the ex-
ecution and delivery of the deed, as related
by J. B. Smith, father of Mabel Hanes, who
was acting for her in that respect, is disclosed
by the excerpts immediately quoted from
his testimony:

"As to how the deed came to be made, will
say that the boy, Bryan, was in prison, and
Mr. Hanes wanted him out, and that was the
only way to get him out was by signing this
deed. This deed was made to get Bryan out
of prison—for my daughter to marry him to
get him out of prison. * * * Yes, the con-
sideration of the deed was that the case was
to be dismissed and Bryan was to be turned out
of jail after he married Mabel. We were willing
to drop the court proceedings against Bryan
so long as he acted a gentleman and treated my
daughter right. He had a sentence of five
years and was talking about appealing the case.
* * * I exacted of Mr. Hanes a conveyance to
my child of 50 acres of land, and, when he
executed the deed, I was willing for my daughter
to marry his son; otherwise Bryan Hanes would
have gone to the penitentiary. The land was
for the support of her and her child. I didn't
give my daughter for the deed."

[1] Upon conclusion of the evidence, appel-
lant requested the court, in effect, to peremp-
torily direct verdict in his favor on the
ground that the deed was void and unenforce-
able because the consideration therefor was
illegal. The request was refused, and the
court's action in that respect is assigned as
error. It is quite clear, we believe, that the
consideration moving from appellee to appel-
lant was the promise of appellee's father to
suppress or co-operate in the suppression of
the criminal charges then pending against
Bryan Hanes. Appellee's father, as we have
shown, testified that the consideration for the
conveyance was that the criminal proceedings
were to be dismissed after Bryan Hanes mar-
ried appellee. It is said that a contract of
such character exists where the parties agree
expressly or impliedly upon the suppression
or abandonment of the prosecution of the
criminal charges. Cohen v. Grimes, 18 Tex.
Civ. App. 327, 45 S. W. 210. By the rule stat-
ed, the conveyance was in our opinion void
and could not form the basis of a suit in
trespass to try title.

[2-4] It is argued, however, that part of the
consideration of the conveyance moving to
appellant was the agreement of appellee to
marry his son, which is a legal consideration
and may therefore form the basis of a suit of
trespass to try title. While it is our deduction
from the evidence that the consideration
which actually induced the conveyance was
the promise to suppress the criminal prosecu-
tion pending against appellant's son, and that
the marriage was but a part of the plan to
accomplish that purpose, it may be conceded
that the marriage was part of the consider-
ation and that such marriage is sufficient to
support a conveyance of lands from a third
party, as it is (1 Elliott Contracts, § 241), yet

that fact will not, in our opinion, lend validity to the deed. It "is well settled upon principle and authority that a promise made upon several considerations, one of which is unlawful, no matter whether the illegality be at common law or by statute, is void." Edwards County v. Jennings, 89 Tex. 618, 35 S. W. 1053. It is true that, in consonance with such rule, it is the further rule that if the contract is divisible, that is, the legal consideration can be separated from the illegal, the contract will be enforced. 1 Elliott Contracts, § 249. We are persuaded, however, that the consideration for the conveyance under discussion is not divisible. Conceding, as we have for the time, that Hanes made the conveyance both in consideration that appellee would marry his son and that her father and she would join in the purpose to suppress the criminal prosecution, we are unable to say which was the greater inducement. We believe we could say with greater reason that the controlling inducement was the promise to suppress the prosecution, and that but for the agreement in that respect there would have been no conveyance of lands. In Edwards County v. Jennings, supra, the county agreed to pay Jennings $3,500 and grant him the exclusive privilege of supplying the citizens of Rock Springs with water in consideration of the construction of certain apparatus to furnish a supply of water, etc., for the courthouse. It was held that, the contract was void because the exclusive privilege tended to create a monopoly. And while it was also held that part of the consideration, the $3,500, was legal, the court declared it could not "say which of these considerations most affected the mind of Jennings and induced his promise, nor are there any means of ascertaining how much of his obligation was based upon the illegal consideration." Judged by the standard that ordinarily governs men under facts similar to those disclosed by the record in the case at bar, we think it can be safely asserted that what induced appellant to convey the land was the promise to suppress further prosecution of his son, and what moved appellee's father was the agreement to marry his daughter, which would in some measure repair the injustice done her. Such being the situation, we are unable to escape the conclusion, however reluctant we may be to do so from a moral standpoint, that the consideration is not separable and cannot stand alone upon the legal part.

[5] There is also another well-established rule of law that renders the conveyance unenforceable. As we have noted in our statement of the facts, appellant did not, when the deed was executed and delivered, place appellee in possession of the land, and the contract as a consequence was executory. In such cases when the contract is illegal courts will not decree specific performance. Similarly in cases where possession is delivered courts will not aid the grantor in recovering possession. Medearis v. Granberry, 38 Tex. Civ. App. 187, 84 S. W. 1070.

There are a number of other assignments of error, all of which have been carefully examined, none of which, in our opinion, present reversible error, but which we have not discussed in view of the conclusions we have reached concerning the consideration of the deed.

The judgment of the honorable trial court is reversed, and judgment here rendered for appellant.

Reversed and rendered.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes