**WALKER v. RAY et al. (No. 1484.)**

(Court of Civil Appeals of Texas. El Paso. May 17, 1923. Rehearing Denied June 21, 1923.)

1. **Appeal and error**  655(3)—**Statement of facts not approved by judge or agreed to by counsel will be stricken.**

 A statement of facts, not approved by the trial judge nor agreed to by counsel, will be stricken from the record.

2. **Landlord and tenant**  230(2)—**Answer alleging fraud in procuring lease held sufficient.**

 In landlord's action for rent, answer of tenant setting up fraud in procuring the written lease in falsely representing to defendant that it contained a clause providing for tenant's termination of the lease on 10 days' written notice, as did the prior verbal contract, *held* sufficient.

---

On Motion for Rehearing.

**3. Appeal and error ⊚⟿662(2)—Recital in order conclusive on appeal in absence of direct attack thereon.**

Recital in order consolidating causes that such consolidation was "at the request of the parties hereto" imports such verity as justifies the Court of Civil Appeals in acting upon it as true, especially in the absence of direct attack upon the order as entered.

**4. Appeal and error ⊚⟿288—Consolidation of actions held not fundamental error.**

Where landlord sued tenant for rent and attached property as defendant's, and defendant's wife, in separate action, claimed the property and sued for damages for wrongful attachment, held, that an order consolidating the suits was not fundamental error, reviewable regardless of motion for a new trial.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Actions by B. B. Walker against L. E. Ray, and by Annabelle Ray and another against B. B. Walker, which were consolidated. From a judgment for L. E. and Annabelle Ray, B. B. Walker appeals. Affirmed.

Taylor & Wasaff, of Ranger, for appellant. L. R. Pearson, of Ranger, for appellees.

WALTHALL, J. Appellant, B. B. Walker, brought this suit against appellee, L. E. Ray, to recover $3,500 alleged to be due him upon a written lease contract upon a building in Eastland county, describing same, and alleging that L. E. Ray, in said contract, agreed to pay him the sum of $350 per month as rent therefor, and that there was due him under the terms of said contract the said sum for which he sued. Walker, through his agent and attorney, filed an affidavit and bond in attachment and caused a writ of attachment to be issued and levied upon certain household goods, kitchen furniture, and personal wearing apparel. Walker prayed for judgment for his debt, and that his attachment lien on said goods be foreclosed.

L. E. Ray answered by general denial, set up a verbal contract alleging that the rental contract was from month to month, and could be terminated by him upon 10 days' notice, alleging that notice was given; alleged fraud on the part of Walker in procuring the written lease. Annabelle Ray, wife of L. E. Ray, joined by her husband, filed her suit against Walker, and claimed to own all of the property attached to be her separate property, alleged its value and its rental value, alleged that the attachment was wrongfully levied upon said property, and that by reason of the wrongful levy she had been damaged to the extent of the rental value. She prayed for actual and exemplary damages, and for general and special relief. Her suit was not for conversion of the property, nor was her

suit the statutory suit of trial of right of property.

At the request of all parties the court consolidated the two causes, and the case was tried with Annabelle Ray as intervener in the original suit.

The case was tried with a jury and submitted upon special issues. In reply to the issues submitted, the jury found such facts in favor of appellees sufficient to sustain the judgment rendered.

By the judgment the property levied upon under the attachment writ still being in the hands of the sheriff, the court directed that all of said property as shown by the return upon the writ be returned and delivered to Mrs. Ray; that Walker take nothing by his suit against Ray; that Ray recover against Walker the sum of $900 by reason of the wrongful issuance of the attachment; that Mrs. Ray recover nothing against Walker except the return to her of her attached property. The court rendered the judgment in favor of Ray for the $900 with the understanding that a remittitur for same would be entered. Ray in open court remitted the item of $900 as found by the jury and referred to in the judgment.

The court overruled appellant's motion for new trial.

[1] Appellee has presented a motion to strike from the record the statement of facts and the transcript. The motion as to the statement of facts is sustained, because the statement is not approved by the trial judge nor agreed to by counsel. The motion as to the transcript is not well taken and is overruled.

In view of the character of the verdict returned and judgment rendered in this case, and the absence from the record of a statement of facts, and the condition of the transcript, only a few of the propositions presented can and need be considered.

[2] The answer of L. E. Ray was sufficient as against the special exception directed against the answer in alleging the facts constituting the fraud that induced him (Ray) to sign the written lease contract, and his reliance upon the representations of Walker that the written lease contained the same provision embodied therein, as did the parol lease, to the effect that the lease contract was from month to month, and that upon 10 days' notice he could terminate same without further liability as to the rent. Without stating the pleading fully, Ray alleged that previous to the execution of the written lease contract he and Walker had entered into a verbal contract covering the premises described whereby he (Ray) was to lease same from month to month terminable by him upon 10 day's written notice. That some 15 days later Walker approached him with the written contract sued upon, and, upon inquiry by

him (Ray) as to its provisions in reference to the release on 10 days' notice, Walker fraudulently represented to him that the written contract contained the same provisions as did the verbal contract, particularly with reference to the right of Ray to terminate same upon 10 days' written notice and read a portion of the contract to him in reference to a 10 days' written notice, and said that the provision read gave him (Ray) the right to terminate the lease on such notice, and fraudulently represented to him that his only reason and object in having a written contract was to enable him to borrow money from one, naming him, and who would not loan money on a verbal lease. Ray alleged that he was busy at the time and did not read the written contract, but relied wholly upon the statements and representations of Walker as to its contents as containing the same provisions as the verbal contract, which statements Ray alleged to be false and fraudulent, and that had he known of their falsity he would not have signed same. The answer, we think, was sufficient to tender the issue of fraud on the part of Walker in the execution of the written contract.

Appellant submitted a number of other assignments, but they are unimportant by reason of the judgment rendered, or depend upon the statement of facts, not in the record, or are without merit.

Finding no reversible error, the case is affirmed.

### On Motion for Rehearing.

[3] Appellant, Walker, in his motion for rehearing insists that this court is in error in stating in the opinion that, "At the request of all parties the court below consolidated the two causes and the case was tried with Annabelle Ray as intervener in the original suit," as the record, as claimed, "clearly shows that all parties to the suit did not agree to the consolidation."

On page 84 of the transcript, after stating the number and style of the case, the following order appears: "On this the 20th day of January, 1922, the court on his own motion, at the request of the parties hereto, consolidated with this cause the case of Annabelle Ray v. B. B. Walker, No. 8644, pending in this court, the consolidated case to be tried as No. 8094," the number of the original case between Walker and L. E. Ray.

[4] The recital in the order as above that the parties to the suit requested the consolidation of the two suits imports such verity and conclusiveness of the fact recited as to justify this court in acting upon it as true. Especially would such be proper in the absence of a direct attack upon the order as entered. In addition to the order itself, appellee insists that the order of consolidation was entered at the instance of appellant. True, appellant by special exception objected to the intervention which the court overruled, and in his amended motion for a new trial again complained that the intervener cannot assert her title to the property except by trial of rights of property; but the original and amended motions for new trial were not filed in time, and neither controverts the statement in the order that the parties requested the consolidation. We think, under the circumstances of the case, the wife being the claimant of the property and joined by the husband in her claim of ownership as her separate property, it is not fundamental error to consolidate the suits and permit her through intervention in the original suit to assert her ownership of the property. The property at all times remained in the custody of the sheriff under the attachment writ, and the wife's suit in her intervention was to have her property returned to her under her claim of ownership, or its value. On the trial all issues of fact were found in favor of Ray and his wife, and appellant recovered nothing by his suit.

We do not, by what has been said, intend to hold that in ordinary attachment suits third parties claiming to own the attached property, or an interest therein, and not an interest in the subject-matter of the suit, can intervene in the main action for the purpose of asserting their right to the property. The proper course and practice is to assert the right by the statutory action of trial of the right of property. We only mean to hold that under the confused condition of the entire record reversible error is not made to appear.

The motion is overruled.