## DUKE v. WALKER et al. (No. 7336.)

Court of Civil Appeals of Texas. Austin.
April 27, 1929.

Edwin Moorhead, of Austin, for appellant.
E. B. Coopwood, of Lockhart, for appellees.

McCLENDON, C. J. Suit by George Duke against G. C. and W. P. Walker and John Duke to recover 18⅔ acres of land in Caldwell county. Trial to court. Judgment for defendants. Appeal (by writ of error) by plaintiff.

Two assignments of error are presented: (1) That the evidence will not support the judgment; and (2) that the judgment is against the great weight and preponderance of the evidence. It was conceded in the argument that there is no merit in the first assignment. If we apply strictly the rule generally announced that an assignment of error questioning the sufficiency of the evidence from the viewpoint of its preponderating effect without pointing out the ground for such contention will not be considered because too general, we might rest our decision upon this point. The question, however, is not jurisdictional; and we prefer to follow the practice adopted by this court in Medearis v. Granberry, 38 Tex. Civ. App. 187, 84 S. W. 1070, following: "A rigid enforcement of the rules in reference to the preparation of briefs would deprive the appellants of consideration of most of the assignments of error relied on for reversal; but as the record shows that they are so poor as to be compelled to resort to a pauper's oath in order to prosecute their appeal, this court has, in the exercise of its discretion, considered the questions presented."

We have examined the statement of facts, and conclude that the evidence is not of such character as to invoke the powers of this court to set aside a judgment of the trial court upon the ground that it is so manifestly against the weight of the evidence as to require a reversal in the interest of justice.

Briefly, the record shows: The land was part of a 98.8-acre tract which belonged to Robert Duke, the father of George and John Duke. George Duke's claim of title is predicated (1) upon a verbal gift or sale from his father some time about the year 1900, coupled with possession and valuable improvements; and (2) upon the ten years' statute of limitations. March 5, 1907, Robert Duke and wife, Peggy, conveyed the entire 98.8 acres to John Duke for a recited consideration of $600 in vendor's lien notes. On the same day Robert Duke transferred these notes and the lien and superior title securing them to the Walkers. March 2, 1916, John Duke conveyed the land to the Walkers, in consideration of the cancellation of these notes, which then amounted to $1,531, and the Walkers on the same day reconveyed the land to John Duke, taking in consideration two notes aggregating $1,531. July 20, 1921, John Duke and wife executed an oil lease, in which they described the land by reference to the deed from Robert and Peggy Duke to John Duke, but gave the acreage as 77. October 20, 1922, John Duke and wife conveyed to Richards a 20-acre tract, the deed containing this recital, "It being understood that George Duke, my brother, owns about sixteen (16) acres off of the south or southwest end of said tract next to the Lockhart and Luling highway, and the said twenty (20) acres is to lie next to and against said land owned by the said George Duke." March 24, 1924, the Walkers obtained judgment against John Duke and others, foreclosing their vendor's lien on the entire 98.8 acres. February 2, 1925, they purchased the land under said foreclosure.

Appellant's contention that the judgment is against the manifest weight and preponderance of the evidence and should in the interest of justice be set aside is predicated in the main upon this recital in the deed from John Duke to Richards, and the recital in the oil lease to the effect that the tract owned by John Duke contained about 77 acres.

John Duke, who was a witness on behalf of the Walkers, testified by deposition, in substance, that George Duke had never owned any part of the land in question; that he had not been in possession of it consecutively, and then only as a tenant of his father or himself; and whatever payment of taxes he may have made was by virtue of an arrangement in connection with his tenancy. On cross-examination he testified: "It is not a fact that on July 20, 1921, I executed an oil lease, which is of record in Volume 74, page 465 of the deed records of Caldwell County, Texas, to D. B. Cochran, in which I recognized George Duke's 20 acres of land. With reference to whether or not it is a fact that on Oct. 20, 1922, I conveyed to C. F. Richards 20 acres out of this 98⁸⁄₁₀ acres in the Floyd survey, which is recorded in Vol. 77, page 484 of the deed records of Caldwell County, Texas,—I gave C. F. Richards a deed as security for lawyer's fee. It is not a fact that in said deed I recognized George Duke's 20 acres, and that I have always recognized George Duke's rights to the 18⅔ acres. George Duke paid me rent, or paid some one rent, on this 18⅔ acres."

At the time the oil lease and deed to Richards were executed John Duke held the equity of redemption in the land subject to the vendor's lien and superior title in the Walkers. The recitation in the oil lease giving the acreage of the tract we regard, if it

stood alone, as of slight importance, but the recitation in the Richards' deed was a clear and unequivocal recognition of title by John Duke and his wife in George Duke; and in the absence of some explanation, which does not appear in the record, its effect from a probative standpoint might very properly be regarded as effectively destroying the testimony of John Duke in contradiction of it. If the controversy were between George and John Duke, or if to support the trial court's judgment it were necessary to place credence in the testimony of John Duke, we would be presented with an altogether different situation and question.

A careful reading of the entire testimony leads us to conclude that, with the testimony of John Duke entirely eliminated, the evidence of title in George Duke is not sufficiently strong to warrant setting aside the trial court's judgment. It is not contended that the recitation in the Richards' deed amounted to a conveyance from John to George Duke, and no title is predicated thereon. The recitation is merely offered as an admission against interest by John Duke, who then held the equity of redemption in the land. This admission was not binding upon the Walkers, whose rights were already fixed. If there had been a conveyance from John to George Duke, then, in order to bind the interest of the latter, it would have been necessary to make him a party to the foreclosure proceeding. But since it was a mere admission or recognition of title and not binding upon the Walkers, the title of George Duke must depend upon its inherent merit, independently of the recitation in the Richards deed.

■ If we eliminate the testimony of John Duke altogether, we have a case of conflicting evidence upon the vital issues. The evidence of a sale or gift from Robert to George Duke is not especially strong. The continuity of George Duke's possession, even from the viewpoint of his own testimony, is doubtful and unsatisfactory, and upon very material points is contradicted by the Walkers. We do not feel that the evidence, on the whole, is such that we would be warranted in disturbing the deliberate judgment of the trial judge, in whose presence the testimony of the several witnesses was given.

The trial court's judgment is affirmed.