## SIGMOND ROTHCHILD CO. v. MOORE.

No. 1432—5639.

Commission of Appeals of Texas, Section A.

April 1, 1931.

Maurice Epstein, of Houston, for plaintiff in error.

R. A. Powell, of Montgomery, and Foster & Williams, of Conroe, for defendant in error.

CRITZ, J.

B. R. Moore sued Sigmond Rothchild Company, a corporation, Ben Hicks, sheriff of Montgomery county, Tex., the sureties on Hicks' bond, and Maryland Surety Company, surety on an attachment indemnity bond, in the district court of Montgomery county, Tex., for the alleged conversion of certain personal property consisting of flour, meal, etc. The suit is based upon the allegations that the property in question was levied upon by virtue of a writ of attachment issued in a suit pending in the district court of Montgomery county, Tex., wherein Sigmond Rothchild Company was plaintiff, and one F. E. Anderson defendant. It is alleged that such property was levied upon and sold by Ben Hicks, as sheriff, at the instance of Sigmond Rothchild Company; that such property belonged to Moore at the time of the levy and sale. The case was tried in the district court with a jury, but at the close of the testimony the trial court peremptorily instructed a verdict for Moore for $1,256.45, with 6 per cent. interest from the date of levy. The judgment finally disposed of all parties and issues in the case and made Sigmond Rothchild Company primarily liable for its payment. Sigmond Rothchild Company appealed to the Court of Civil Appeals at Beaumont, which court affirmed the judgment of the district court. 22 S.W.(2d) 533. The case is in the Supreme Court on writ of error granted on application of Sigmond Rothchild Company. We here refer to the opinion of the Court of Civil Appeals for further statement of the case. We, however, will make such further statement in the course of this opinion as is necessary to make our holding clear.

We shall hereafter refer to Sigmond Rothchild Company as Rothchild.

It seems from the record before us that at some time prior to the filing of this suit there was a suit pending in the district court of Montgomery county, Tex., wherein Rothchild was plaintiff, and one F. E. Anderson defendant. In that suit Rothchild was seeking a money judgment against Anderson. As ancillary to that suit Rothchild caused a writ of attachment to issue against Anderson. This writ was levied upon the property above mentioned as belonging to Anderson, and later this property was sold by the sheriff of Montgomery county to satisfy the judgment that Rothchild obtained against Anderson. After the sale Moore filed this suit for conversion contending that the property so attached and sold belonged to him, and not to Anderson.

Rothchild pleaded a general demurrer, general denial, special denial, and estoppel. Rothchild also filed a cross-action against Moore alleging that he was a partner with Anderson.

From the statement we have made it is evident that both the trial court and the Court of Civil Appeals have held that the evidence in the trial court establishes, as a mat-

ter of law, that the property levied upon and sold under the circumstances above detailed belonged to Moore. This holding is attacked by Rothchild by proper assignments and propositions thereunder.

We here call attention to the fact that the trial court, at the request of Rothchild, filed his conclusions of law and fact. These findings were adopted by the Court of Civil Appeals. This was a trial before a jury. It follows that there is no authority in the statute for the filing by the trial court of conclusions of law and fact. This is not a case where the findings of the trial court or the Court of Civil Appeals on disputed issues of fact are binding on the Supreme Court. Article 2208, R. C. S. of Texas, 1925; Schofield v. Texas Bank & Trust Co. (Tex. Civ. App.) 175 S.W. 506.

The trial court having given a peremptory charge for Moore, thereby holding as a matter of law that Moore was the owner of the property in dispute, and, the Court of Civil Appeals having affirmed that judgment, it follows that both such judgments must be reversed unless the evidence in the record affirmatively and conclusively establishes the ownership of Moore in the property at the time it was levied on and sold at the instance of Rothchild. In other words, ordinarily the jury are the judges of the facts proved, the weight to be given to the testimony, and the credibility of the witnesses, and the trial court is not justified in giving a peremptory instruction unless the evidence is so conclusive that reasonable minds cannot differ thereon. When we come to examine the testimony in this record, we find that it does not meet this test, and is not so undisputed and free from suspicion as to justify a peremptory charge for Moore.

The property levied on was in the possession of Anderson at the time of such levy, and Moore had the burden of proving affirmatively that the property belonged to him. The burden did not rest on Rothchild. The evidence on this point comes principally from three witnesses, all offered by Moore. These witnesses are F. E. Anderson, the defendant in the suit in which the attachment was issued, Moore, the plaintiff in this suit, and James E. Gilmore, the cashier of the bank handling the transactions hereinafter described.

F. E. Anderson testified, in substance, that the property in question belonged to Moore; that he held it as Moore's agent under an agreement with Moore, by which he was to sell it for Moore on commission, and deposit the proceeds of such sales to Moore's account in the bank. He admits, however, that the property was bought by him in his own name; that it came billed to him, drafts for the purchase price attached to the bills of lading; that the property was placed and exposed for sale in his place of business where he and his wife were conducting a grain and feed business; that he had control of such business; that when he sold any of the property he made out the bills in his own name; that all checks received by him in payment for such sales were made payable to him; that there were no marks on the goods to identify them as the property of Moore; that when the property was levied on he told the officers making the levy that it belonged to Moore, but did not notify Moore for several days thereafter; that he did not write Moore about the levy, but told him when he saw him. Also Anderson testified that he had come from Wichita, Kan., to Montgomery county, Tex., to testify as a witness for Moore at Moore's expense. Anderson's testimony is rather extended, but when it is taken as a whole the jury would be justified in considering him a biased witness for Moore, and, when his testimony is considered from every angle, it cannot be taken as true as a matter of law. Of course we do not mean to intimate that it was not true. What we hold is that the jury should have been allowed to pass on Anderson's credibility as a witness and the weight to be given his testimony. In other words, Anderson is not such a witness that his evidence must be given absolute verity as a matter of law.

James E. Gilmore, the cashier of the bank that handled the drafts and bills of lading, connected with the purchase of the property, and also the accounts of the parties, testified to facts which, if taken as true by the jury, would corroborate the claim of ownership of Moore. He, on the other hand, testified to other facts which might be taken by the jury as supporting the defense. He testified that the goods were shipped billed to Anderson, with the bills of lading in Anderson's name, and that such bills of lading were attached to draft drawn on Anderson. He also testified, among other things, as follows: "It is a fact that he (meaning Moore) told me that so long as Mr. Anderson owed him this money as evidenced by those checks that he had issued to take up a portion of the drafts that Mr. Anderson was to deposit the money that he got for this merchandise to his account in my bank. That is right. That is a fact." Under all the facts, the jury should have been allowed to pass on Gilmore's credibility as a witness, and the weight to be given his testimony.

Also, if Moore's testimony is believed by the jury, he would be entitled to recover. However, he is a party plaintiff, and from the entire record it cannot be said that his testimony must be taken as true, as a matter of law. He testified that the goods belonged to him, and that Anderson had same in his place of business under an agreement between them

that Anderson was to sell them on commission as his agent. However, he admits that he knew that the goods had been levied on, and were being advertised for sale as the property of Anderson, yet he made no claim of ownership to the officer in charge, nor to Rothchild, and asserted such ownership for the first time by filing the instant suit. Moore's credibility as a witness, and the weight to be given his testimony was for the jury. He is the most biased witness known to the law, a party to the suit, and directly and vitally interested in the result. Furthermore, his testimony is not, as a matter of law, undisputed and free from suspicion.

When we consider this record in its entirety, the credibility of all the witnesses who testified with reference to the ownership of the property here involved, and also the weight to be given their testimony, was for the jury. This is not a case for a peremptory charge either way.

We do not think any issue of estoppel or partnership is raised by the evidence.

We recommend that the judgments of the Court of Civil Appeals and the district court be both reversed, and the cause remanded to the district court for a new trial.

### CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.