### BAGGETT v. TEXAS EMPLOYERS' INS. ASS'N.

#### No. 1220.

Court of Civil Appeals of Texas. Eastland.
March 23, 1934.

Rehearing Denied April 20, 1934.

Smith & Smith, of Anson, and Stinson, Hair, Brooks & Duke, of Abilene, for appellant.

Lawther, Cox & Cramer and Wm. M. Cramer, all of Dallas, for appellee.

LESLIE, Justice.

The plaintiff, S. Nelson Baggett, filed this suit in the district court to set aside an award of the Industrial Accident Board. The trial was before the court and jury. The case was submitted on special issues, and upon the jury's verdict a judgment was rendered for the defendant, Texas Employers' Insurance Association, and the plaintiff appeals.

The appeal is predicated on three propositions: The first is to the effect that the court erred in making "findings and conclusions" in a case tried before a jury; the second, that, in the absence of a statement of facts, the evidence is presumed to support the verdict; and, third, that, in the trial before the jury, it is the duty of the court to enter a judgment on the verdict, or set the verdict aside and grant a new trial.

The appeal is before us without a statement of facts, or findings of fact and conclusions of law; therefore the presumption mentioned by appellant in the second proposition operates to the advantage of the appellee.

In the trial court, the plaintiff sought compensation under section 10 of article 8306, R. S. 1925, for total permanent incapacity for 401 weeks. The pleadings, doubtless, were broad enough to warrant recovery under section 11, of article 8306, for "partial incapacity"; or under section 12, of article 8306, for injury, etc., to hand and foot. The defendant entered a general denial to the plaintiff's petition, and specifically alleged that plaintiff's injuries, if any, were confined to the part of the arm below the elbow, and that he had suffered no disability whatever.

█ Under the pleadings and upon the testimony submitted, the jury found, with other facts, in response to special issues: (1) That the plaintiff "suffered personal injuries while engaged in the * * * business" of his employer; (2) that said injuries resulted in plaintiff's total incapacity; and (3) that such total incapacity was not permanent. Thus we have a definite finding that the plaintiff, in the course of his employment, sustained an injury resulting in total temporary incapacity. There is no finding of its duration. No issue designed to produce a finding on that fact was submitted by the court, and none was tendered or requested by the plaintiff; hence that ultimate issue was waived by the plaintiff. Gulf, C. & S. F. Ry. v. Conley, 113 Tex. 472, 260 S. W. 561, 562, 32 A. L. R. 1183; Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708; Wallace v. Johnson (Tex. Civ. App.) 39 S.W.(2d) 140; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

█ It follows that the above verdict afforded no basis for a judgment for plaintiff on the theory of total incapacity, either permanent or temporary. From such viewpoint, the judgment of the trial court is correct.

█ When the court entered said judgment on the verdict, he recited therein, preliminary to the decree, that "the court having considered said verdict and the waiver of the plaintiff of recovery on partial incapacity * * * is of the opinion that said verdict is favorable to the defendant," etc. As noted, the first assignment and proposition is addressed to this action of the court as error, in that the trial was before a jury and no request was made for findings of fact and conclusions of law. Supporting the contention, appellant cites Sigmond Rothchild Co. v. Moore (Tex. Com. App.) 37 S.W.(2d) 121. There it was held that, in a trial before a jury, the statute did not authorize the filing by trial court of conclusions of law and fact, and that the Supreme Court would not be bound by such. That authority has no application here, for we are not dealing with conclusions of fact and law provided for in the statute. In the instant case, the trial court made none. We have before us for consideration merely the effect of a recital of fact in the court's judgment. It was the court's duty to enter a judgment on the verdict, and, in doing so, he had a right to consider and give effect to any waiver or material admission on the part of any litigant made in the course of the trial to expedite and simplify the same. If the plaintiff waived recovery for partial incapacity, and grounded his right to a judgment solely on total permanent incapacity, the trial court had a right to take note of the fact, and give due effect thereto. Evidently, it was made to influence the court in the submission of the issues and the disposition of the case. Such recital in a judgment imports the highest evidence of verity. Hopkins v. Donaho, 4 Tex. 336; Smith v. Crank et al. (Tex. Civ. App.) 259 S. W. 989; Graves v. Cameron, 77 Tex. 273, 14 S. W. 59; Rusk County v. High-

tower (Tex. Civ. App.) 202 S. W. 802; Andrle v. Fajkus (Tex. Civ. App.) 209 S. W. 752; Walker v. Ray (Tex. Civ. App.) 252 S. W. 1111; 3 Tex. Jur., p. 789, § 562. The court did not err in considering the waiver in connection with the verdict, or in perpetuating such in the judgment.

Further, there is no bill of exception in the record showing a direct attack on the verity of the recital. The appellee's brief states that, while the court was preparing its charge, "the plaintiff waived everything except total permanent disability." The appellant does not deny this in his brief, but our conclusions on the point, as above stated, are correct aside from this consideration derived from the briefs.

The judgment was undoubtedly rendered in accordance with the verdict, and what has been said disposes of each point presented by the appellant. However, in deference to the appellant's earnest contentions, another phase of the record will be considered.

Two other findings by the jury will be noticed. In response to issue No. 9, the jury found that the plaintiff's injury was confined to that part of the arm which is below the elbow, and, in response to issue No. 11, that the injury to the leg was confined to that part of the leg which is below the knee.

■■ While no assignment or proposition, in fact, raises such a question, yet appellant in his brief seems to contend that the two above findings, plus the second one which is to the effect that the "injury resulted in total incapacity," furnished sufficient basis for a judgment for plaintiff as for injury, etc., to specific members under section 12 of article 8306—for the hand 150 weeks and for the foot 125 weeks. The appellant's contention stated in his own language is: "The contention of the appellee in the case at bar, viewed from its attitude after the jury had rendered their judgment is that the plaintiff in the trial court was not entitled to recovery because the jury said that his injuries were not permanent. Appellant takes the position that when the jury rendered their verdict to the effect that the injuries were confined to the arm below the elbow and to the leg below the knee and that the injuries received by the plaintiff produced total loss of the use of the arm below the elbow and the leg below the knee, that the answer to the question of the permanency of the injury was immaterial because under the verdict of the jury that the injury was total to the specific members brought the case under Subdivision 12 of Art. 8306, and if the injury was total

to those specific members the statute provides the length of time that compensation should run and if the injuries were total, then under the definition of total injury, it becomes one beyond repair and carries with it the implication of permanency during the period as provided for in Subdivision 12."

There are different reasons why this contention cannot be sustained. In the first place, the "total incapacity" found to exist by answer to special issue No. 2 (where incapacity under the general injury statute, article 8309, § 10, was found) cannot be transposed and considered in connection with the finding of injuries below the knee and elbow, so as to show these injuries to be total and permanent. There is no finding that the injury, if any, resulted in loss, total or partial, of the foot or hand, or in the use of either. Of course, in that situation there would be no finding as to the percentage of loss, etc. Such issues were neither given by the court, nor requested by the plaintiff. Under the authorities first cited in this opinion, the appellant must be held to have waived these issues.

■ Further, the indefinite fixing of injury to that part of the leg below the knee, and to that part of the arm below the elbow, did not establish in the first case that the loss or injury pertained to a toe, other than the great toe, or to the foot as assumed by the plaintiff; and, in the second case, it did not fix the injury or loss to the thumb, finger, phalanges, metacarpal bone, the hand as assumed by the plaintiff, and neither did it establish ankylosis, etc. No right to recover as for loss, etc., of any specific member is shown. Article 8306, § 12, R. S. 1925. The indefinite injuries found to exist were not fixed in any degree on any specific member so as to warrant compensation for loss, etc., thereof.

It seems that the appellee requested the submission of the issues inquiring whether or not the injury was confined to the arm below the elbow, and to the leg below the knee. No doubt this was done to insure a submission to the jury of such issues as were a defense to the sole claim for compensation for total permanent incapacity, under the statute relating to general injuries. Indemnity Ins. Co. of North America v. Sterling (Tex. Civ. App.) 51 S.W.(2d) 788; Indemnity Ins. Co. of North America v. Boland (Tex. Civ. App.) 31 S.W.(2d) 518. Having gone that far, apparently the defendant was not interested in the plaintiff's issues on total or partial loss of any member, etc., the percentage of loss, or

the duration of injury. In other words, a finding by the jury that the injury was confined to a portion of the leg and arm was, in a sense, a defensive issue to the plaintiff's claim for total permanent disability, and here the case was permitted to rest on the two findings in response to issues 9 and 11.

■ To support a judgment for him, the appellant fully recognizes the necessity for a finding on whether or not the injuries were permanent or temporary, and in his brief reasons that the finding of total incapacity in response to issue No. 2 "carries with it the implication of permanency during the period as provided for in Sub. 12." We are of the opinion that no such implication or presumption is warranted from the jury's verdict in this case.

The judgment of the trial court conforms to the verdict, and is warranted by it. Appellant's propositions are overruled, and, for the reasons assigned, the judgment of the trial court is affirmed.