Herbert E. **THARP**, Plaintiff,

v.

L. K. **PETERSON**, Credit Finance Company, a corporation, and Congress Investment Company, a corporation, and Alamo Finance Company, a corporation, Defendants.

Civ. A. No. 10536.

United States District Court
S. D. Texas,
Houston Division.

Sept. 8, 1960.

On Motions for Findings and Conclusions Feb. 1, 1961.

Hofheinz, Sears, James & Burns and W. Ervin James & Robert L. Burns, Houston, Tex., for plaintiff (also Birmingham counsel).

Merrill & Scott and William H. Scott, Jr., Houston, Tex., for defendants.

FISHER, District Judge.

The above-entitled action came on regularly for trial before the Court without a jury on the 7th day of March, 1960, at

Houston, Texas. The plaintiff appeared in person and by his attorneys and the defendants appeared in person and by their attorney. A trial by a jury was expressly waived by the respective parties and the cause was tried before the Court sitting without a jury. Witnesses on the part of plaintiff and defendants were duly sworn and examined and documentary evidence being closed and the Court having heard argument of counsel and having examined the briefs filed by the parties, and after due deliberation and study thereon is of the opinion that the plaintiff is entitled to the relief prayed for in his complaint to the extent hereinafter decreed. Accordingly, on motion of attorneys for the plaintiff it is ORDERED, ADJUDGED AND DECREED:

(1) That plaintiff Herbert E. Tharp and the defendant L. K. Peterson were equal partners and engaged in the small loan business in the City of Houston, Texas, under the firm name of Modern Finance Company, which name was subsequently changed to Model Investment Company.

(2) That defendant L. K. Peterson breached his fiduciary duty to his partner, plaintiff Herbert E. Tharp, and diverted certain partnership business and assets of Model Investment Company to himself doing business under the trade names of Anchor Finance Company and Credit Finance Service.

(3) That defendant L. K. Peterson diverted the partnership business and assets of Model Investment Company to three corporations owned by the defendant L. K. Peterson, namely, defendant Credit Finance Company (successor to Credit Finance Service), defendant Congress Investment Company, Inc., and defendant Alamo Finance Company, Inc. (successor to Anchor Finance Company).

(4) That said action and conduct of defendant L. K. Peterson in diverting and applying partnership assets of Model Investment Company to companies owned by defendant L. K. Peterson constituted actual fraud upon said plaintiff Herbert E. Tharp.

(5) That defendant L. K. Peterson is due to account to the plaintiff for one-half of all of the remaining assets of Model Investment Company.

(6) That defendant L. K. Peterson is due to account to the plaintiff for 25% of all the assets of Anchor Finance Company and Credit Finance Service, and 25% of all profits derived from the operation of said companies.

(7) Defendant L. K. Peterson and defendants Credit Finance Company, Congress Investment Company, Inc. and Alamo Finance Company, Inc., are due to account to the plaintiff for 25% of all the assets and profits resulting from the operation of said defendants, Credit Finance Company, Congress Investment Company, Inc. and Alamo Finance Company, Inc.

(8) That after the auditor's report has been made, as hereinafter provided for, this Court will then fix the amount of compensation due defendant L. K. Peterson for management and operation of each of said companies herein named in Paragraphs (6) and (7). If salaries and management fees, or other compensation received by defendant L. K. Peterson are more than 50% of the net profits of such companies, the Court will make such adjustment as may be necessary to conform to the Court's Judgment.

(9) That defendant L. K. Peterson is entitled to be credited for all sums invested as capital in each of the said companies hereinabove named in Paragraph 7, less whatever sums have been received by said defendant L. K. Peterson from said companies as return of capital.

(10) The Court is further of the opinion that the partnership between the plaintiff and the defendant L. K. Peterson should be dissolved and that the business be liquidated and the funds and assets thereof be distributed to the partners as herein adjudged.

(11) Three days from the date hereof counsel for the respective parties shall agree upon some Certified Public Accountant to serve as auditor. Failing to

agree, counsel for the respective parties shall submit the names of two Certified Public Accountants with principal offices in Houston, Texas. The Court will then appoint an auditor delineating his duties by appropriate order, and the auditor appointed shall make his report thirty (30) days from the date of his appointment. Cost of said audit shall be taxed as court costs in this proceeding.

(12) Upon receipt of the auditor's report, or during the period of the audit, should it become the opinion of the Court that a receiver is needed to preserve and protect the assets of said partnerships, then in that event, the Court will make such appointment of a Receiver.

(13) Pending further orders of the Court, defendants are hereby enjoined and prohibited from selling, transferring, encumbering or otherwise disposing of any properties, real or personal, except upon application and approval by Order of this Court.

Jurisdiction of this cause is retained for such further orders and decrees as may be necessary and appropriate in the premises.

On Motion for Findings and Conclusions

This cause came on to be heard on the motion of the plaintiff for an order making a Findings of Fact and Conclusions of Law, and it appearing that the motion should be granted, this action having been tried by the court without a jury, I make and file the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

### (1)

Plaintiff, Herbert E. Tharp, is a citizen of the State of Alabama, residing in Birmingham, Alabama. Defendant L. K. Peterson is a citizen of the State of Texas residing in Houston, and doing business in Houston as herein set forth. Defendant Credit Finance Company is a Texas corporation domiciled in Houston, Texas, incorporated February 1, 1954, formerly known as Credit Finance Service. Defendant Congress Investment Company is a Texas corporation having its principal place of business in Houston, Texas, incorporated February 1, 1954, formerly known as Eagle Investment Company. Defendant Alamo Finance Company is a Texas corporation domiciled in Houston, Texas, incorporated on February 1, 1954, formerly known as Anchor Finance Company, all sole proprietorships owned by L. K. Peterson. Model Investment Company, formerly Modern Finance Company, was formed pursuant to a partnership agreement between defendant L. K. Peterson and plaintiff, Herbert E. Tharp, dated August 7, 1946.

### (2)

The plaintiff, Herbert E. Tharp, and the defendant L. K. Peterson entered into a written partnership agreement on August 7, 1946 for the purpose of engaging in the small loan business in the City of Houston, State of Texas. The said agreement was in force and effect at all times here pertinent. The partners were to share equally in the benefits and losses of the business. The partnership conducted its small loan business under three separate trade names, viz.: Modern Finance Company, Eagle Finance Company, and Triangle Finance Company. The trade name of Modern Finance Company was changed to Model Investment Company on, to wit, December 1, 1948.

### (3)

On, to wit, December 31, 1952, the plaintiff traded his interest in Eagle Finance Company and Triangle Finance Company of Houston, Texas to defendant L. K. Peterson in return for Peterson's interest in certain small loan businesses owned jointly by plaintiff and said defendant Peterson in Birmingham, Alabama. The agreement for exchange was dated January, 1953 but made effective December 31, 1952. Thereafter, the partnership of the plaintiff and the defendant L. K. Peterson continued to operate under the trade name of Model Investment Company in the small loan business in Houston, Texas. At the time the partnership began business, the defendant Peterson was placed in exclusive control of the management of the said partnership's af-

fairs and continued in such control at all times herein pertinent. The plaintiff, Herbert E. Tharp, resided in Birmingham, Alabama and took no part in the management of the partnership business.

(4)

The defendant Peterson represented to the plaintiff, Herbert E. Tharp, that he was conducting the said partnership business in a lawful manner and in full conformity to the requirements of the laws of the State of Texas.

(5)

On to wit, July 10, 1952, defendant L. K. Peterson opened a small loan office under the trade name of Anchor Finance Company and began diverting the customers and business of Eagle Finance Company and Model Investment Company to the defendant's own use and benefit and to the exclusion of the plaintiff. On the first day of February, 1954, the defendant L. K. Peterson incorporated said business known as Anchor Finance Company under the name of Alamo Finance Company, a corporation incorporated and existing under the laws of the State of Texas and thereafter continued to divert the customers and business of Model Investment Company to the said Alamo Finance Company, a corporation. The defendant L. K. Peterson is the legal and beneficial owner of all the stock of the said Alamo Finance Company, a corporation.

(6)

On to wit, August, 1953, defendant Peterson opened a small loan office under the trade name of Credit Finance Service which name was later changed to Credit Finance Company, and began diverting the customers and business of the partnership to his own use and benefit and to the exclusion of the plaintiff. On to wit, February 1, 1954, the defendant Peterson incorporated said business known as Credit Finance Company under the name of Credit Finance Company, Inc., a corporation and existing under the laws of Texas, and thereafter continued to divert the customers and business of the part-nership to the said Credit Finance Company, Inc. The defendant Peterson is the legal and beneficial owner of all the stock of the said corporation.

(7)

On February 1, 1954, defendant Peterson incorporated defendant Congress Investment Company (formerly Eagle Finance Company), a corporation organized under the laws of the State of Texas, for the purpose of engaging in the small loan business. Defendant Peterson diverted the customers of the partnership business to the said Congress Investment Company and continued to divert the said customers of the partnership business up to the time of the filing of this suit. The defendant L. K. Peterson is the legal and beneficial owner of the stock of the said corporation.

(8)

The income to the partnership business showed a marked decrease following the diversion of customers and business from the partnership to companies owned by the defendant Peterson, while the income to the companies owned by defendant Peterson rose rapidly for the same period. Defendant Peterson caused Model Investment Company to expend large sums for advertising while instructing the personnel of said partnership to make fewer loans and to transfer customers with good credit ratings to companies owned personally by defendant Peterson. In diverting the partnership's business and customers to himself and corporations which he owned as herein set forth, the defendant Peterson used the partnership's trained personnel, its list of customers, its office equipment, and, in many instances, the partnership's funds, all without the knowledge, consent or approval of the plaintiff, Herbert E. Tharp. The defendant Peterson did not disclose to the plaintiff, Tharp, the facts with reference to his diversion of the partnership's customers and business to himself and corporations which he owned; he did not disclose to the plaintiff, Tharp, the fact that he used the facilities of the partnership, including its trained personnel, its equipment,

and its funds to divert the partnership's business to himself as aforesaid. The plaintiff, Herbert E. Tharp, had no knowledge of all these facts and was not apprised of his legal rights until sometime in November, 1956, and thereafter on to wit, February 2, 1957, the plaintiff instituted this action.

(9)

The defendant Peterson and each of the other defendants herein have excluded the plaintiff, Herbert E. Tharp, from sharing in the profits, ownership, or management of the said defendants' businesses separately and severally and have denied that the plaintiff has any interest therein.

(10)

The defendant Peterson wrongfully and in violation of his fiduciary duty withheld $6,660.14 constituting the assets of Model Investment Company to which the plaintiff was entitled, and refused to make an accounting therefor to his partner, the plaintiff, Herbert E. Tharp.

CONCLUSIONS OF LAW

(1)

The court has jurisdiction of the parties and subject matter herein.

(2)

That the defendant L. K. Peterson breached his fiduciary duty to his partner, plaintiff, Herbert E. Tharp, by diverting certain partnership business and assets of the partnership business to himself and to three corporations owned by the defendant, namely: defendant Credit Finance Company (successor to Credit Finance Service), defendant Congress Investment Company, Inc., and defendant Alamo Finance Company, Inc. (successor to Anchor Finance Company).

(3)

That the said action and conduct of the defendant L. K. Peterson in diverting the partnership's business and assets to himself and to defendant corporations which were owned by him, constituted a breach of trust and an actual fraud upon the plaintiff, Herbert E. Tharp. That the defendants are due to account to the plaintiff in accordance with the provisions of the judgment rendered by this court on the 22nd day of December, 1960.

(4)

The plaintiff's cause of action is not barred by the statute of limitations.

(5)

The plaintiff is not guilty of laches.

(6)

This is an action for a partnership accounting. This action does not seek to enforce any illegal agreement and the asserted defense that the partners were engaging in an illegal transaction cannot be sustained.

(7)

The plaintiff is entitled to a dissolution of partnership and he is also entitled to the appointment of a receiver in the event the defendants fail to pay the judgment rendered by this court on December 22, 1960 in accordance with the terms thereof.