**L. K. PETERSON et al., Appellants,**

**v.**

**Herbert E. THARP, Appellee.**

**No. 18807.**

United States Court of Appeals
Fifth Circuit.

Feb. 1, 1962.

Rehearing Denied March 15, 1962.

William H. Scott, Jr., Fred Much, Houston, Tex., for appellants.

W. Ervin James, Houston, Tex., Thomas E. Skinner, Birmingham, Ala., Wilkinson & Skinner, Birmingham, Ala., Hofheinz, Sears, James & Burns, Houston, Tex., of counsel, for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Circuit Judge.

This case arose as a suit for an accounting by plaintiff Tharp against his partner, defendant Peterson, and certain corporate defendants owned solely by Peterson. Tried to the court on jury waiver on charges of fraud and overreaching, there was a judgment for plaintiff against defendants for the sum of $82,607.42, and defendants appealed.

Tharp and Peterson entered into a written partnership agreement on August 7, 1946, for the purpose of engaging in the small loan business. The business commenced under the name of Modern Finance Company in Houston, Texas and was later changed to Model Investment Company. The partners formed two small loan companies in Houston, Eagle Investment Company and Triangle Loan Service, and until about June, 1952, when he withdrew, one Roy Reeves was also a partner in Eagle and Triangle. Tharp and Peterson also operated certain loan companies in Birmingham, Alabama as a partnership. As of December 31, 1952, Tharp and Peterson had a swap-out whereby Tharp acquired the Birmingham properties, Peterson acquired Eagle and Triangle, and the partnership continued with respect to Model Investment Company in Houston, Texas under the supervision, management and control of Peterson.

Sounding in fraud, overreaching and breach of fiduciary obligation, the gist of plaintiff's claim was that in June, 1952, defendant Peterson, individually, opened a small loan office under the trade name of Anchor Finance Company, and, for the purpose and with the result of defrauding plaintiff, commenced to divert the partnership's customers and business to this company and convert them to his own use; that sometime in the month of August, 1953, defendant Peterson entered into a fraudulent plan and scheme to divert the partnership business and profits to his own use by establishing additional new offices and either doing business in his individual name or through three separate corporations owned by defendant Peterson, namely Credit Finance Company, Congress Investment Company, and Alamo Finance Company; that defendant Peterson carried such plan and scheme into effect; and that, because of Peterson's breach of his fiduciary duty to the plaintiff Tharp, he should be made to account for one-half of all the profits resulting from his conduct.

The prayer was for a judgment requiring the defendant Peterson and his three

corporations to account for all profits resulting to the partnership business, the establishment of a trust in one-half of the stock of the three corporations created by the defendant, Peterson, as the vehicles by which the partnership business was diverted and the fraud carried out. Plaintiff prayed for discovery, an accounting, dissolution of the partnership, and for the appointment of a receiver to conserve the partnership's assets.

The defenses were a general denial and four special defenses, viz., (1) that the action was barred by the two-year statute of limitations; (2) that the plaintiff had actual knowledge that the partnership business was being liquidated, and, under the facts, he "by his silence fully condoned and approved the acts of the defendant"; (3) that plaintiff received daily, weekly and monthly reports showing partial liquidation of Model and did not object thereto, and that Peterson "relied on the apparent approval by plaintiff Tharp" of his action; and that plaintiff was estopped to contend that Peterson's acts and conduct were without his knowledge and consent; and (4) "Illegality of purpose"—that the business was operated "for the purpose of illegally avoiding the Constitutional and statutory provisions of law with respect to usury" and was against public policy; and a court would, therefore not require an accounting to plaintiff.

On September 8, 1960, the trial court entered an interlocutory judgment[1] which recited in substance: that the plaintiff Tharp and defendant Peterson were partners engaged in the small loan business; that defendant Peterson breached his fiduciary duty to the plaintiff and diverted the partnership business and assets to himself and to his own corporations, and that such action and conduct by Peterson constituted actual fraud upon Tharp; that plaintiff was entitled to recover twenty-five percent of all profits and assets received by defendants resulting from the operation of these

small loan businesses; that there should be a dissolution, liquidation, and distribution of the partnership's business and assets; and that an auditor should be appointed by separate order. A formula was set forth for fixing the amount of compensation due Peterson for management, and it was ordered that Peterson be credited with all capital sums invested by him in his own corporations.

The auditor's report was duly filed, the defendants' objections thereto, with minor exceptions, were overruled and denied, and, based on full findings of fact and conclusions of law,[2] the court rendered a joint and several judgment against each of the defendants (appellants) for the sum of $82,607.42.

On numerous specifications of error, the defendants are here attacking the court's findings and conclusions as erroneous and insisting that the judgment was wrong and must be reversed. We do not think so.

The testimony was voluminous. The record is very large, and, in our opinion, the findings are fully supported thereby, and the conclusions are correct in law. It will, therefore, serve no useful purpose for us to set out the evidence or to do more than, adopting the court's findings of fact and conclusions of law, to briefly state that, for the reasons hereafter stated, the district judge correctly rejected the defenses and gave judgment for the plaintiff.

Appellants' most vigorously argued defense is defense No. 4, that the business of the partnership was operated in violation of constitutional and statutory provisions of Texas law with respect to usury and was against the public policy of the state and, therefore, the recovery as to it was forbidden by law. It is sufficient to say that we agree with the district judge's conclusion of law No. 6, that the action is merely one for a partnership accounting. It does not seek to enforce any illegal agreement, and the asserted defense, that the partners were

1. Tharp v. L. K. Peterson Credit Finance Co., etc., D.C., 202 F.Supp. 80.

2. Tharp v. L. K. Peterson Credit Finance Co., etc., D.C., 202 F.Supp. 80.

engaged in an illegal transaction and, therefore, the defendant can keep, and cannot be made to disgorge, the fruits of his attempted fraud upon plaintiff, cannot be maintained.[3]

We think it is equally clear, too, that upon the district judge's findings of fact and conclusions of law, the defense of the statute of limitation was not made out. In the first place, the action being for a partnership accounting entered into by written agreement, not the two but the four year statute of limitation applies. In addition, the controversy having originated in the fraud of the defendant, limitation did not commence to run until the plaintiff became cognizant of the fraud, and under his findings and conclusions, which the record supports, the district judge correctly held that the statute of limitations had not run.

The defendants' defense No. 2, that plaintiff knew that the business was being liquidated and by his silence condoned and approved the acts of the defendants, presents only a fact question and runs directly counter to the findings of fact of the district judge and the record in the case, and, therefore, may not be maintained. The same is true of defense No. 3, the defense of estoppel, that because plaintiff was receiving reports showing partial liquidation and did not object thereto, he is estopped to contend that Peterson's acts and conduct were without his knowledge and consent. The district judge affirmatively found as a matter of fact and law to the contrary of this contention, and the findings are well supported in fact and in law.

The case having been fully tried and heard and the court having made full conclusions of law and fact, the defendants' effort on this appeal is nothing more than an effort to obtain a trial of the case de novo. This we will not, and cannot, permit to be done. Defendants have not shown that the findings of the district judge are clearly erroneous. We, therefore, reject the defendants' effort to obtain a new trial here, and we order the judgment

Affirmed.

3. Cf. Brooks v. Martin, 69 U.S. 78, 80, 17 L.Ed. 732; Pfeuffer v. Maltby, 54 Tex. 454; DeLeon v. Trevino, 49 Tex. 88; Wegner Bros. v. E. J. Biering & Co., 65 Tex. 506; Floyd v. Patterson, 72 Tex. 202, 10 S.W. 526; Hall v. Edwards, Tex.Com.App., 222 S.W. 167; Lewis v. Davis, 145 Tex. 468, 199 S.W.2d 146; Hall v. Hall, Tex.Civ.App., 326 S.W.2d 594.